1  Julia Sylva SBN 109979
   Martha E. Romero SBN 128144
2  Jesus Hinojosa SBN 341128
   **Special Counsel**
3  **City of Baldwin Park**

4  **Law Offices of Julia Sylva, ALC**
   2225 E. 28th Street, Suite 515
5  Signal Hill, CA 90755
   t: 562.988.3225
6  e: s*ylva@sylvalawcorp.com*
   e: *romero@sylvalawcorp.com*
7  e: *hinojosa@sylvalawcorp.com*

8  Attorneys for Defendant,
   CITY OF BALDWIN PARK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJCBP Corporation DBA Tier One Consulting, a California Corporation and David Ju, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BALDWIN PARK, A municipality; ROBERT NACIONALES TAFOYA, an individual; ANTHONY WILLOUGHBY II, an individual; RICARDO PACHECO, an individual; ISAAC GALVAN, an individual; MANUEL LOZANO; an individual; LOURDES MORALES, an individual; and does 1-50, <br><br> Defendants. | Case No.: 2:23-CV-00384 <br><br> **DEFENDANT CITY OF BALDWIN PARK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES** <br><br> Date: March 27, 2023 <br> Time: 10:00 a.m. <br> Courtroom: 8D <br> Action Filed: January 18, 2023 |

**TO THE HONORABLE CHRISTINA A. SNYDER AND ALL INTERESTED PARTIES:**

Defendant City of Baldwin Park ("CITY"), a California municipal corporation, submits this Reply in support of its Motion to Dismiss Plaintiffs' Complaint ("Motion Docket # 14).

## I.     INTRODUCTION

The Opposition fails to advance any cogent arguments that could sustain the fatally defective Complaint. The additional, facts alleged in the Opposition – facts that Plaintiffs failed to authenticate – and absent from the Complaint, support the CITY's contention: the Complaint fails to allege facts sufficient to state and maintain a claim.

The Opposition[1] completely ignores arguments advanced by CITY, and improperly relies upon alleged facts completely absent from the Complaint, without any support for the proffered "evidenced" as required by Local Rule 7-6, 7-7, and 7-8.

## II.     FACTS ALLEGED IN THE COMPLAINT

Plaintiffs' Opposition merely restates the facts from the Complaint; this regurgitation does nothing for the Court to understand the issues at hand; and the Opposition ignores the blatant facts as summarized by the CITY.  Opp., at 1-6.

In their Opposition, Plaintiffs failed to address key facts that CITY raised as defective in the Complaint, including:

1. Complaint uses the terms "Plaintiff" and "Plaintiffs" indiscriminately and randomly without any indication as to which of the two Plaintiffs seek relief for which claims [Motion at 6-7];

2. Plaintiffs have not alleged any property that was "taken" was within the CITY's limits, and Plaintiff did not first seek administrative remedies for the "taking" by inverse condemnation [Motion at 7-8];

3. Plaintiffs have failed to allege a *Monell* claim by describing any policies behind the alleged Constitutional violation [Motion at 8-9];

4. Plaintiffs have not alleged any facts that *could* constitute CITY's negligence and/or fraud; [Motion at 9-10]; and

5. As to the Mitigation Fee Act, the Complaint does not allege that any specific applicable mitigation fees were actually paid by the Plaintiffs to CITY, only that fees were asked of a Plaintiff [Motion at 11-12].

Despite ignoring these key facts, Plaintiffs further advance their improper arguments by making the outrageous assertion – *completely absent from the Complaint and without citation* – that the takings claim is based on: "A yearly exactment of 10 dollars a square foot based on 22,000 square feet irrespective of the fact that the plaintiffs' property is less than 10,000 square feet" and "A $50,000 police impact fee." See Opp. at 10:24-11:1; 19:14-18. Plaintiffs do not cite to any source for

---

[1] "Plaintiffs' Opposition to Defendant City of Baldwin Park's Motion to Dismiss Plaintiffs' Complaint for Damages" ("Opposition") was filed twice (Docket # 16 & # 17); CITY will only cite to the Opposition [Docket # 17].

these facts *nor can they cite any portion of the Complaint*. This assertion is facially improper in the context of the instant Motion and should be stricken by the Court. In addition, the Court should address Plaintiffs' Counsel for knowingly making a meritless argument.

### III.     STATEMENT OF LAW

The Motion was brought under Federal Rules of Civil Procedure ("FRCP") 12(b)(6). "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Assoc. Gen. Contractors of Am. v. Metro. Water Dist. of So. Cal.*, 159 F.3d 1178, 1181 (9th Cir.1998).

Having brought forth argument on allegations absent in the Complaint, without citation to the record or admissible evidence, Plaintiffs' frivolous Complaint should be dismissed.

It is well understood: if arguments made by the movant are not addressed in an opposition, they are *waived*. *Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1491, n. 1 (2019) (deeming an argument waived where the defendant failed to raise an issue in the opposition brief); *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (noting that "the plaintiffs did not raise that argument to the district court in their ... opposition to the defendants' motion for summary judgment, so the argument was waived."); *Novalk, LLC v. Kinsale Ins. Co.*, 3:21-cv-01014-BEN-RBB, at *2 (S.D. Cal. Sep. 10, 2021) ("Thus, where the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived."); *Full Tilt Boogie LLC v. Kep Fortune LLC*, 2:19-cv-09090-ODW (KESx), at *18 (C.D. Cal. July 29, 2022) ("Defendants' failure to develop or support this argument with analysis, evidence, or legal authority justifies denying the Motion on the issue."). Indeed, even if an argument is made, it must be supported by citations to the record and argument. *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014) ("We decline to address this undeveloped argument, which is not supported by citations to the record, argument, or any legal authority.")

Plaintiffs have failed to address the key arguments raised by CITY and therefore have *waived* their opposition, as outlined herein.

As stated in Docket No. 12 at 9, FRCP, Rule 9(b) "does not allow a complaint to ... lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 606–07 (E.D.Cal.2009) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir.2007) (internal quotation marks omitted)). An allegation that "everyone did everything" is a textbook "shotgun pleading" which leads to broad discovery and other pre-trial problems, as well as creating an undue burden on the Court. *Destfino v. Reiswig* (9th Cir. 2011) 630 F.3d 952, 958–959. The measure of damages, existence of damages, and whether a plaintiff has sufficiently plead a causal connection between the damage and the alleged harm is a question of law properly decided by a court on a motion to dismiss. *In re Sony Gaming Networks and Customer Data Breach Security Litigation*, 996 F. Supp. 2d 942, 969 (S.D. Cal. 2014).

Here, there are detailed allegations against some individuals but not as against CITY. This is impermissible under the case law.

## IV.   ARGUMENT.

### A.   The Claims for Relief are Fatally Deficient.

In its Motion, CITY demonstrated that the claims for relief in the Complaint fail to distinguish which of the Plaintiffs seeks which relief. Motion, at 6-7. Indeed, only one Plaintiff is included in the Prayer for Relief, but which Plaintiff seeks relief and which Plaintiff does not is unspecified. Simply put, the terms "Plaintiff" and "Plaintiffs" are used apparently randomly and indiscriminately in a haphazard manner; this type of irresponsible pleading does not provide notice to Defendants as to which party actually seeks relief under which claim. Id., at 6-7.

Plaintiffs' opposition fails to address this argument and thus Plaintiff has *waived* its opposition, the motion should be granted. *Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1491, n. 1 (2019) (deeming an argument waived where the defendant failed to raise an issue in the opposition brief); *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (noting that "the plaintiffs did not raise that argument to the district court in their ... opposition to the defendants' motion for summary judgment, so the argument was waived.").

The Opposition acknowledges the need to identify the pleader and the entitled relief by citing to the FRCP Rule 8(a)(2). Plaintiffs' Opposition states, "this rule [FRCP Rule 8(a)(2)] reflects a simplified and lenient pleading system that was adopted to focus on litigation on the merits of a claim…" Opp., at 8:10-12. However, instead of identifying or even meeting this "simplified and lenient" bar, Plaintiffs struggle to even identify the specific pleader and the relief that particular pleader is claiming to be entitled to in the Complaint.

**B.    RICO (First Claim).**

Plaintiffs do not disagree that the RICO claims were not brought against CITY, so there is agreement between the parties that this claim is inapplicable to CITY.

**C.    Inverse Condemnation (Takings, Second Claim) Should Be Dismissed.**

Plaintiffs admit that their inverse condemnation claim is a takings claim under the Fifth Amendment. See Opp. at 10-13. In its Motion, CITY provided authority that such a takings claim requires Plaintiffs to seek administrative relief. Motion at 7-9; *Hensler v. City of Glendale*, 8 Cal. 4th 1, 13 (1994). <u>However, Plaintiffs' do not allege that administrative relief was sought, nor do Plaintiffs attempt to address or attempt to oppose this argument. Plaintiffs therefore *waive* opposition.</u> *Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1491, n. 1 (2019) (deeming an argument waived where the defendant failed to raise an issue in the opposition brief); *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (noting that "the plaintiffs did not raise that argument to the district court in their ... opposition to the defendants' motion for summary judgment, so the argument was waived.").

Plaintiffs must concede that the takings claim in the Complaint does not actually allege what, if anything, was taken from Plaintiffs by CITY.  Therefore, Plaintiffs attempt, without citation to the record, to create new "facts" not in the Complaint by alleging that the takings were "exactions."  See Opp. At 10:22. Plaintiffs also fail to authenticate any of these alleged facts via declaration or any other means acceptable by the Local Rules. Specifically, the Opposition (<u>not the Complaint</u>) states that the "exactions" are "A yearly exactment of 10 dollars a square foot based on 22,000 square feet irrespective of the fact that the plaintiffs' property is less than 10,000 square feet" and a "$50,000 police 'impact fee'". Opp. at 10:24-11:1. As the Motion seeks dismissal under FRCP 12(b)(6),

unsubstantiated arguments in the Opposition brief, absent from the Complaint and the record are not permissible. *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014) ("We decline to address this undeveloped argument, which is not supported by citations to the record, argument, or any legal authority."); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

It appears from the Opposition that the "takings claim" is not based on a "taking" of property or land, but on Plaintiff's payment of "exactions" supposedly violating the Mitigation Fee Act. Opp. at 13:4-14. No reasonable reading of the Complaint supports this view; there is no tie-in from the Mitigation Fee claims to the takings claims. Incredibly, Plaintiffs also contend, without citation of any kind, "the compromised exaction process has resulted in plaintiffs' payment to the CITY of hundreds of thousands of dollars a year, the bulk of which was paid prior to Plaintiffs even being operational." Opp. at 13:7-9.  The Complaint, however, does not mention any "exaction" payments actually paid by Plaintiffs to the CITY; nor are the exaction payments described. There are no allegations of payments being made to the CITY in any amount. At best, the Complaint only alleges in ¶36 that Plaintiff Ju "was told by Defendant TAFOYA that if a $50,000.00 mitigation payment was not made, the license would be 'canceled.'" However, there is no allegation in the Complaint that this payment was actually made or that other specific payments were actually made. These facts in the Complaint are not contested by Plaintiffs but simply replaced with *unsupported* "facts" in the Opposition.

Plaintiffs' entire opposition relies on these uncited "extractions" absent from the complaint, thus making the cited case law on "takings" by municipalities irrelevant.  Assuming, *arguendo*, if they are relevant, Plaintiffs have not addressed the requirement to first seek administrative relief under California law, thereby waiving the argument. There is no way to compute damages for the unspecified takings or even know what the basis for harm consists of.

Furthermore, a takings claim requires that the private property "be taken for public use without justification." U.S. Const. amends. V, XIV; *Chicago, B. & Q. R. Co. v. City of Chicago*, 166 U.S. 226 (1897). However, the Complaint and Opposition claim that portions of the payments

Plaintiff claims to have paid, were to "corrupt" actors, not the CITY. Plaintiffs indiscriminately claim payments went to CITY and other named Defendants as if they all acted in concert. However, Plaintiffs then cite to specific criminal activities wherein certain named Defendants took bribes and other illegal payments, directly. Plaintiffs fail to show that the private property, if actually taken, was used for public benefit, not Defendants' own personal gain.

Accordingly, the basic elements of Inverse Condemnation/Takings are not met; this claim should be dismissed.

**D.     The *Monell* Claims (Third Claim) Should Be Dismissed.**

Plaintiffs cite three theories of *Monell* liability identified in *Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010) as follows: (1) an unconstitutional custom or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to supervise; and (3) a final policy-maker's involvement in, or ratification of, the conduct underlying the violation of rights. *Clouthier*, 591 F.3d at 1249–50. See Opp. at 14. Plaintiffs then fail to point out any facts in the Complaint that fit any of these three theories – because *there are none*.

<u>1. No Facts Support An Unconstitutional Custom Or Policy Behind The Violation Of Rights</u>

Plaintiffs' first *Monell* claim identifies no customs or policies of CITY that are unconstitutional. Plaintiffs simply refers back to the improper takings claim, which is not a policy but a single act of individuals. Opp. at 14:18-26; 16:6-14. "To survive a motion to dismiss [a *Monell* claim] '*a bare allegation that government officials' conduct conformed to some unidentified government policy or custom' is insufficient*[.]" *Shelley v. Cnty. of San Joaquin*, 954 F. Supp. 2d 999, 1009 (E.D. Cal. 2013) (emphasis added.) (quoting *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)); Opp. at 13:23-28.

Here, there are no allegations in the Complaint about customs or practices of the CITY that deny Constitutional rights. The Mitigation Fee Act is not relevant because there are no allegations in the Complaint that specify what, if any, fees were actually paid by Plaintiffs subject to the Mitigation Fee Act. Furthermore, the Opposition fails to articulate any other facts that would support a *Monell* claim under this theory. Instead, Plaintiffs rely on bald assertions: "Plaintiffs also allege that Defendant's customs, policies, practices, and procedures… were affirmatively linked to and were a

significantly influential force behind the injuries of…" Which naturally leads the Court to ask: How? Plaintiffs flawed logic claims are not supported by facts pled in the Complaint.

2. No Facts Support A Deliberately Indifferent Omission, Such As A Failure To Supervise

As to the second *Monell* claim, failure to supervise, Plaintiffs legal authority does not support any facts alleged in the Complaint. Opposition at 15:11-16:4. Plaintiffs also fail to offer any facts, that would support this theory. The Complaint is completely devoid of facts relating to, or alluding to, CITY's alleged failure to supervise.

3. No Facts Support A Policy-Maker's Involvement In, Or Ratification Of, The Conduct Underlying The Violation of Rights.

As to the third *Monell* claim, a final policy-maker's involvement in, or ratification of, the conduct underlying the violation of rights, Plaintiffs fail to provide facts or arguments as to what was ratified or by what specific entity. There is bare legal authority without argument or a discussion of facts applicable to the legal argument.

Plaintiffs' fail to cite to a single fact from the Complaint to support a *Monell* claim under anyone of the three theories, because no such facts in the Complaint exists. Accordingly, the *Monell* claims should be dismissed.

**E.  The Negligence Claim (Fourth Claim) Should be Dismissed.**

CITY's Motion, by design, invites Plaintiffs to identify any and all facts that support a negligence claim. CITY's Motion informed Plaintiffs that a negligence claim against the CITY should be pled with specificity: "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." *Peter W. v. San Francisco Unified Sch. Dist*. (1976) 60 Cal.App.3d 814, 819 [131 Cal. Rptr. 854]; *Lopez v. Southern California Rapid Transit Dist.*, 40 Cal.3d 780, 795 (Cal. 1985). Plaintiffs fatally ignore this requirement, do not address the heightened standard required, and merely repeat the generic allegation in the complaint at ¶ 97 which only states "At all times herein the CITY was negligent in hiring and/or supervising Defendants TAFOYA, WILLOUGHBY II, PACHECO, LOZANO, GALVAN and MORALES who utilized their positions as public officials/public employees to defraud plaintiffs."

Notably, <u>Plaintiffs do not address how negligent hiring could apply to those elected</u> (not hired) officials including Mayor of the City of Baldwin Park (LOZANO, Complaint at ¶14) and the City Council member (PACHECO, Complaint at ¶11). See the Exhibits to the Complaint at 2nd Exhibit A (ECF page 102) at ¶3 "The City Council was comprised of four City Council members and a mayor, all of whom were elected at large by the City's registered voters." Likewise, Plaintiffs do not explain how negligent hiring or supervision could be relevant to the CITY for Defendant GALVAN, who is alleged to be the Mayor of Compton, and is not alleged to work for the CITY of Baldwin Park (Complaint at ¶12).

Plaintiffs do not even indicate whether it is the "hiring" or "supervision" that caused the negligence, purposely leaving Defendants and the Court to decipher the Complaint and determine which of the different legal theories is operative. Plaintiffs fail to address the requirements of negligence: duty, breach and proximate injury, as this would reveal Plaintiffs' true operative legal theory. Motion at 9.

Plaintiffs continue to withhold a definitive statement on the operative legal theory and facts from the Complaint that support each element of negligence. Consequently, the negligence claims should be dismissed.

**F. The Fraud Claim (Fifth Claim) Should Be Dismissed.**

Pleadings are subject to a heightened specificity standard where a plaintiff alleges fraud. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *Neubronner v. Milken*, 6 F.3d 666, 671–672 (9th Cir. 1993). In its Opposition, Plaintiffs allege that fraud was committed by Defendants MORALES, PACHECO, LOZANO, TAFOYA and WILLOUGHBY II. Opp. at 17:1-15. However, Plaintiffs point to nothing that can make the CITY itself liable. Plaintiffs fail to offer any argument that the CITY knew of and accepted the alleged fraudulent behavior of the individuals. Further, Plaintiffs also conveniently omit any legal authority as to why the CITY is liable, not just individual actors. It is clear CITY is included only to ensnare everyone Plaintiffs had an interaction with, no matter how insignificant. Given the heightened detail required of fraud claims, this claim should be dismissed.

**G. The Declaratory Relief Claim Should Be Dismissed (Mitigation Fee Act).**

As with the takings claim, Plaintiffs rely on facts never pled in the Complaint to support its opposition regarding the Mitigation Fee Act. Here Plaintiffs rely on a "yearly exactment of 10 dollars a square foot based on 22,000 square feet irrespective of the fact that the plaintiffs' property is less than 10,000 square feet" and "$50,000 police impact fee.'" Opp. at 19:14-18. Plaintiffs further allege that they did not receive "notification that the 90-day protest period had begun" under Gov't Code § 66023(e). Opp. at 19:20-24. The Complaint does not contain these facts and Plaintiffs provide no citations. Accordingly, the argument fails and Plaintiffs should be admonished for making the improper argument. *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014)

Accordingly, the Mitigation Fee Act claim should be dismissed.

## V. CONCLUSION.

For the reasons above, the CITY's Motion to Dismiss Plaintiffs' Complaint should be granted and the Plaintiffs' Complaint should be dismissed without leave to amend.

Dated:  March 12, 2023                     **Law Offices of Julia Sylva, ALC**

By:  /s/ Martha E. Romero
Julia Sylva
Martha E. Romero
Jesus Hinojosa, Special Counsel for Defendant,
CITY OF BALDWIN PARK

**CERTIFICATE OF COMPLIANCE L.R. 11–6.2**

The undersigned, counsel of record for CITY OF BALDWIN PARK, certifies that this brief contains 3,464 words, less than 7,000 words, which:

　_x_　complies with the word limit of L.R. 11-6.1.

　___　complies with the word limit set by court order dated [dated].

Dated: March 12, 2023

　　　　　　　　　　　　　　　　　　　／s／ Martha E. Romero　　　　　　　　
　　　　　　　　　　　　　　　　　　Martha E. Romero

# PROOF OF SERVICE

**State of California** )

**County of Los Angeles** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is: 2225 E. 28th Street, Suite 515, Signal Hill, CA 90755; Phone: 562.988.3225.

On the date set forth below, I served the foregoing documents described as**:**

**DEFENDANT CITY OF BALDWIN PARK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES**

on all the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

(X) **By E-mail or Electronic Transmission**: I caused the documents to be sent to the persons at the email address listed above. I did not nor receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) **By U.S. Mail**, I caused said document to be placed in an envelope, with postage thereon fully prepaid at the mail drop in Signal Hill, California.

( ) **By facsimile**, I caused said document to be transmitted for immediate receipt to the office of the addressee listed above.

(X) **By U.P.S.,** I caused said document to be placed in an envelope, with payment thereon fully prepaid at the UPS drop box in Signal Hill, California.

( ) **By personal delivery**, I caused said document to be delivered to the above-named person at …

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed on March 12, 2023, at Signal Hill, California.

/s/ Jesus Hinojosa
Jesus Hinojosa

# **SERVICE LIST**

<u>VIA ELECTRONIC MAIL NOTICE</u>

- Jovan L Blacknell
  jovan@fight4justice.com
- Kellen Isaiah Davis
  Kellen@fight4justice.com
- Jesus Hinojosa
  hinojosa@sylvalawcorp.com
- Shawna Shahnaz Nazari
  snazari@ssnlegal.com
- Martha E Romero
  romero@sylvalawcorp.com
- Julia E Sylva
  sylva@sylvalawcorp.com,hinojosa@sylvalawcorp.com
- David G Torres-Siegrist
  dgts@icloud.com,DGTSLAW@GMAIL.COM

<u>VIA EMAIL</u>

- Marco Martinez,
  City Attorney, City of Baldwin Park
  marco.martinez@bbklaw.com

<u>VIA UPS</u>

- Judge Christina A. Snyder
  United States Courthouse
  350 W. First Street,
  Clerk's Office on the 4th Floor
  Los Angeles, CA 90012