UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | August 3, 2023 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**   (IN CHAMBERS) - CITY'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 27, filed on JULY 13, 2023)

The Court finds that defendant's motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a/ Tier One Consulting ("Tier One Consulting") and David Ju initiated this action against defendants City of Baldwin Park (the "City"); Robert Nacionales Tafoya, former Baldwin Park City Attorney; Anthony Willoughby II, former Baldwin Park Deputy City Attorney; Ricardo Pacheco, former Baldwin Park City Council member; Isaac Galvan, former City Council Member of the City of Compton; Lourdes Morales, former Baldwin Park Deputy City Clerk; and Manuel Lozano, former Baldwin Park Mayor. Dkt. 1 ("Compl."). Plaintiffs' complaint alleged six claims for relief: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, as against the individual defendants; (2) inverse condemnation under the Takings Clause of the Fifth Amendment, as against all defendants; (3) violations of due process under the Fifth Amendment and Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), as against all defendants; (4) negligence, as against all defendants; (5) fraud, as against all defendants; and (6) a claim for declaratory relief. See generally Compl.

On February 23, 2023, the City filed a motion to dismiss plaintiffs' complaint. Dkt. 14. On March 3, 2023, the Court granted the City's motion to dismiss, finding that plaintiffs had failed to meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a). Dkt. 20. The Court dismissed the complaint without prejudice and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | August 3, 2023 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

granted plaintiffs leave to amend within thirty days. Id. On April 23, 2023, plaintiffs filed a first amended complaint (the "FAC"). Dkt. 25. The FAC names the same defendants named in the complaint and brings claims for (1) violations of RICO, as against the individual defendants; (2) inverse condemnation under the Takings Clause of the Fifth Amendment, as against the City; (3) violations of due process under the Fifth Amendment and Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983 and Monell, 436 U.S. 658, as against all defendants; (4) negligent hiring and supervision, as against the City; (5) fraud, as against all defendants; and (6) a claim for declaratory relief. See generally FAC.

On July 7, 2023, the City filed an answer. Dkt. 26. The only other party to file a response to the FAC is Willoughby II, who filed a motion to dismiss the FAC on July 16, 2023. Dkt. 29.

On July 13, 2023, the City filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). Dkt. 27. On July 24, 2023, plaintiffs filed an opposition to the City's motion for judgment on the pleadings. Dkt. 31. On July 31, 2023, the City filed a reply in support of its motion. Dkt. 32. The City's motion for judgment on the pleadings is presently before the Court.

As a threshold matter, the Court finds that the City's motion for judgment on the pleadings is premature. Pursuant to Rule 12(c), a motion for judgment on the pleadings is properly brought "after the pleadings are closed and within such time as to not delay the trial." Fed. R. Civ. P. 12(c). The close of pleadings "refers to the time when all required or permitted pleadings have been served and filed." Judge Karen L. Stevenson, et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions Ch. 9-E ¶ 9:323 (2023 ed.) (hereinafter, "Rutter Group Prac. Guide"). "Courts confronting the issue have generally accepted the proposition that, where an action names multiple defendants, pleadings are not closed until all defendants have answered." Watson v. Cnty. of Santa Clara, 2007 WL 2043852, at *1 (N.D. Cal. July 12, 2007). Thus, when a plaintiff sues multiple defendants and one of them answers and then files a Rule 12(c) motion, that motion is premature if the other defendants have not yet answered. See Rutter Group Prac. Guide at ¶ 9:324. See also Pac. Coast Federation of Fisherman's Assocs. v. Glaser, 2012 WL 3778963, at *7 (E.D. Cal. Aug. 31, 2012) (denying defendant's Rule 12(c) motion as premature where another defendant had not yet filed an answer); Watson, 2007 WL 2043852, at *1-2 (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | August 3, 2023 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

Here, the individual defendants have not yet filed answers to the FAC. It appears that, due to miscommunications between the parties, plaintiffs have yet to serve or only recently served the FAC on defendants Tafoya, Galvan, Pacheco, Lozano, and Morales. Dkt. 31 at 18; dkt. 32 at 2-3. In any event, these defendants have not filed responsive pleadings, and, as a result, the City's Rule 12(c) motion is premature.[1] The Court additionally notes that several of the claims that are the subject of the City's motion are brought against both the City and the individual defendants. Thus, this is not an instance where no prejudice would result were the Court to decide the motion for judgment on the pleadings before the pleadings are closed. C.f. Johnson v. Dodson Pub. Sch., 463 F. Supp. 2d 1151, 1156 (D. Mont. 2006) (allowing technically premature motion to proceed because it did not concern causes of action brought against defendants who had not answered).

In accordance with the foregoing, the Court **DENIES** the City's motion for judgment on the pleadings **WITHOUTH PREJUDICE.**

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Some courts have found that a technically premature Rule 12(c) motion may be brought where plaintiffs have failed to serve the defendants who have not filed answers, based on the reasoning that a contrary conclusion would allow plaintiffs to indefinitely avoid a Rule 12(c) motion by naming defendants and never serving them. See, e.g., Moran v. Peralta Community College Dist., 825 F. Supp. 891, 894 (N.D. Cal. 1993). Here, it appears that plaintiffs are attempting to serve the individual defendants and are not avoiding service in order to preclude the City's Rule 12(c) motion. Thus, at this time, the Court finds that consideration of the City's motion would be improper; however, in the event that plaintiffs do not take reasonable steps to serve defendants in a timely fashion, the Court will consider hearing a renewed 12(c) motion notwithstanding the pleadings being open.