UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - MOTION TO DISMISS CITY'S FIRST AMENDED COUNTER-COMPLAINT (Dkt. 111, filed on APRIL 25, 2024)

## I.   INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of June 3, 2024, is vacated, and the matter is hereby taken under submission.

The facts of this case are well-known to the parties and set forth in the Court's March 15, 2024 order. Dkt. 91.

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a/ Tier One Consulting ("Tier One Consulting") and David Ju initiated this action against defendants City of Baldwin Park (the "City"); Robert Nacionales Tafoya, former Baldwin Park City Attorney; Anthony Willoughby II ("Willoughby"), former Baldwin Park Deputy City Attorney; Ricardo Pacheco, former Baldwin Park City Council member; Isaac Galvan, former Mayor of the City of Compton; Lourdes Morales, former Baldwin Park Deputy City Clerk; Manuel Lozano, former Baldwin Park Mayor; and Does 1 through 50, inclusive. Dkt. 1.

On February 10, 2023, defendant Willoughby filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. On February 23, 2023, the City filed a motion to dismiss plaintiffs' complaint. Dkt. 14. On March 23, 2023, the Court granted the City's motion to dismiss, finding that plaintiffs had failed to meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a). Dkt. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

The Court granted plaintiffs leave to amend within thirty days. Id. On April 14, 2023, the Court denied defendant Willoughby's motion to dismiss as moot. Dkt. 24.

On April 23, 2023, plaintiffs filed a first amended complaint (the "FAC"). Dkt. 25. On July 7, 2023, the City filed an answer. Dkt. 26. On July 13, 2023, the City filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 27. On July 16, 2023, defendant Willoughby filed a motion to dismiss the FAC. Dkt. 29. On August 3, 2023, the Court denied the City's motion for judgment on the pleadings without prejudice as premature. Dkt. 33. On August 28, 2023, the Court granted defendant Willoughby's motion to dismiss with twenty-one days' leave to amend. Dkt. 37. On August 31, 2023, defendants Lozano, Morales, and Pacheco filed a motion to dismiss. Dkt. 38. On September 7, 2023, defendants the City, Lozano, Morales, and Pacheco filed a stipulation to file responsive pleadings to the second amended complaint twenty-one days after its service and withdrew the August 31, 2023 motion to dismiss. Dkt. 40. On September 8, 2023, the Court approved the stipulation. Dkt. 42.

On September 18, 2023, plaintiffs filed a second amended complaint (the "SAC"). Dkt. 43. On September 29, 2023, defendant Morales filed a motion to dismiss and to strike. Dkt. 46. On October 8, 2023, defendant Willoughby filed a motion to dismiss the SAC. Dkt. 47. On October 9, 2023, defendants Lozano and Pacheco filed a joint motion to dismiss and to strike. Dkt. 48. That same day, the City filed a motion to dismiss and to strike. Dkt. 49. On November 27, 2023, the Court held a hearing and granted in part and denied in part defendants' motions to dismiss and defendants' motions to strike. Dkt. 66. The Court denied Morales' request for sanctions and permitted plaintiffs to file a third amended complaint. Id.

On December 22, 2023, plaintiffs filed a third amended complaint (the "TAC"). Dkt. 70. The TAC names the same defendants and asserts claims for (1) writ of mandate against the City and request for preliminary injunction; (2) inverse condemnation/Fifth Amendment Takings Clause violation brought pursuant to 42 U.S.C. § 1983, as against all individual defendants except Galvan; (3) Monell liability pursuant to 42 U.S.C. § 1983, as against the City; (4) negligence, as against all defendants; (5) fraud, as against all defendants; and (6) a claim for declaratory relief. Id.

On January 17, 2024, plaintiffs and defendants the City, Lozano, Morales, Pacheco, and Tafoya filed a stipulation to strike paragraphs 31-33, 54-56, 28, and 377-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

394 of the TAC. Dkt. 71. On January 19, 2024, the Court granted the stipulation and ordered that the aforementioned paragraphs be stricken from the TAC and not referred to by any party in this action. Dkt. 78. On January 18, 2024, defendant Morales filed a motion to dismiss and to strike. Dkt. 72. On January 19, 2024, the City filed a motion to dismiss and to strike. Dkt. 73. That same day, defendant Willoughby filed a motion to dismiss the TAC. Dkt. 74. Defendants Lozano and Pacheco filed a joint motion to dismiss and to strike. Dkt. 75. Defendant Tafoya also filed a motion to dismiss and to strike. Dkt. 76.

On March 15, 2024, the Court granted in part and denied in part defendants' motions to dismiss and defendants' motions to strike. Dkt. 91. The Court granted defendants' motions to dismiss plaintiffs' claim for inverse condemnation and claim for Monell liability, with prejudice; retained supplemental jurisdiction over plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367; and denied defendants' motions to dismiss plaintiffs' claim for fraud and claim for negligence. Id. The Court also dismissed plaintiffs' first claim for a writ of mandate against the City and request for a preliminary injunction without prejudice. Id. Finally, the Court denied defendants' requests for sanctions, but reserved judgment on sanctions for decision at the conclusion of the case. Id.

On March 28, 2024, the City filed a cross-complaint against plaintiffs Tier One Consulting, David Ju, and ROES 1 through 10, inclusive. Dkt. 97. On April 3, 2024, the Court struck the City's cross-complaint based on the Notice to Filer of Deficiencies, dkt. 102, and ordered the City to file an Amended Counterclaim. Dkt. 104.

On April 4, 2024, the City filed a first amended counterclaim against plaintiffs. Dkt. 106. The City asserts four claims for relief: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud in the inducement of contract; and (4) unjust enrichment. Id. The City also requests a temporary restraining order ("TRO") and preliminary injunction, pending the resolution of this litigation. Id.

On April 25, 2024, plaintiffs filed a motion to dismiss the City's first amended counter-complaint. Dkt. 111 ("Mot."). On May 9, 2024, the City filed an opposition to plaintiffs' motion to dismiss. Dkt. 114 ("Opp."). On May 20, 2024, plaintiffs filed a reply to the City's opposition. Dkt. 120 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

Plaintiffs' motion to dismiss the City's first amended counter-complaint is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Plaintiffs argue that the Court lacks subject matter jurisdiction over this case because the City has failed to allege jurisdiction based on a federal question or diversity in its first amended counterclaim. Mot. at 2-3.

In opposition, the City asserts that the Court already decided to retain supplemental jurisdiction over plaintiffs' state law claims for fraud and negligent hiring/supervision. Opp. at 3. The City contends that its counterclaims are compulsory because they arise from and are logically connected to the development agreement ("DA") underlying plaintiffs' fraud claim. Id. at 4. According to the City, plaintiffs argue that the DA is unenforceable while the City argues that plaintiffs have breached the enforceable DA. Id. at 5. Thus, the City argues that the counterclaims are subject to the Court's supplemental jurisdiction. Id. at 4-5.

In its March 15, 2024 order, the Court found that it would be appropriate to retain supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Dkt. 91. Because the City's counterclaims arise out of the DA, which is the subject matter of plaintiffs' fraud claim, the Court agrees that they are compulsory and are thus subject to the Court's supplemental jurisdiction. See Campos v. W. Dental Servs., Inc., 404 F. Supp. 2d 1164, 1167 (N.D. Cal. 2005) ("[C]ompulsory counterclaims by definition 'form part of the same case or controversy' since they 'arise out of the same transaction or occurrence' and, therefore, supplemental jurisdiction over compulsory counterclaims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

is proper."). Accordingly, the Court **DENIES** plaintiffs' motion to dismiss the City's first amended counterclaim for lack of subject matter jurisdiction.

### B. Statute of Limitations

Plaintiffs argue that the City's breach of contract claim is barred by the four-year statute of limitations because the City fails to allege both when the parties entered into the agreement and when plaintiffs breached the agreement. Mot. at 3. Similarly, they argue that the City's fraud claim is barred by the three-year statute of limitations because the City fails to allege "the date of the fraud and/or the date of discovery." Id. at 4-5.

In opposition, the City argues that plaintiffs bear the burden of proving that the City's claims are barred by the statute of limitations because it is an affirmative defense. Opp. at 5.

In reply, plaintiffs assert that a court may grant a motion to dismiss based on the running of the statute of limitations "where 'the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Reply at 1 (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." Vanguard Logistics Servs. (USA), Inc. v. Robinson, No. LA-CV-2009880-JAK-PVCx, 2023 WL 8290422, at *10 (C.D. Cal. Nov. 9, 2023) (quoting Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010)) (internal quotations and citation omitted). Here, it is not apparent on the face of the City's first amended counterclaim that the statute of limitations has run. Moreover, in its November 27, 2023 order, the Court concluded that the issue of whether the statute of limitations barred plaintiffs' fraud claim was better decided on a motion for summary judgment. See dkt. 66. Thus, the Court finds that the issue of whether the City's compulsory counterclaims—which arise out of the subject matter of plaintiffs' fraud claim—are barred by the statute of limitations is similarly better decided on a motion for summary judgment. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss as it pertains to the statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

### C. The City's Claim for Breach of Contract

To prevail on a claim for breach of contract under California law, a plaintiff must establish "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. Gen. Ins. Co., 68 Cal. 2d. 822, 830 (1968)).

Plaintiffs argue that because the breach of contract claim relates to "commercial cannabis: a schedule 1 drug in the federal system[,]" the City does not allege a lawful objective to prove the existence of a valid contract. Mot. at 4.

In opposition, the City asserts that plaintiffs do not dispute that the City has sufficiently pled the elements of its breach of contract claim but instead argue that the agreement lacks a lawful objective pursuant to the California Civil Code. Opp. at 6. However, the City argues that the California Civil Code expressly authorizes contracts relating to commercial cannabis. Id. at 6-7; see also Cal. Civ. Code § 1550.5(b) ("Notwithstanding any law, including, but not limited to, Sections 1550, 1667, and 1668 and federal law, commercial activity relating to medicinal cannabis or adult-use cannabis conducted in compliance with California law and any applicable local standards, requirements, and regulations shall be deemed to be all of the following: (1) A lawful object of a contract."). According to the City, "[i]t is axiomatic that the ability of the Court to hear Tier One's fraud claims based on its entering into a cannabis development agreement should also allow the Court to decide the countervailing breach of contract related claims concerning the same development agreement." Opp. at 7.

In reply, plaintiffs assert that the breach of contract claim is vague because the City does not allege when plaintiffs entered into and breached the agreement. Reply at 4.

The Court finds that the City has sufficiently pled a claim for breach of contract. The City alleges (1) the existence of a contract, either through entering into the DA or through performance pursuant to the DA; (2) the City's performance by permitting plaintiffs to conduct commercial cannabis activity; (3) plaintiffs' breach through their failure to pay fees to the City pursuant to the DA; and (4) the City's damages from the unpaid fees. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss the City's claim for breach of contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

**D.   The City's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

To establish a breach of the implied covenant of good faith and fair dealing in California, a plaintiff must show:

> (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.

Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

Plaintiffs argue that the Court should dismiss the City's claim for breach of the implied covenant of good faith and fair dealing because it is duplicative of the City's breach of contract claim. Mot. at 5-6.

In opposition, the City asserts that its breach of contract claim and its breach of the implied covenant of good faith and fair dealing claim are each supported by different facts. Opp. at 8. According to the City, while its breach of contract claim concerns plaintiffs' failure to pay fees, its breach of the implied covenant claim concerns two separate and distinct acts by plaintiffs. Id. at 9. The City first argues that plaintiffs breached the implied covenant by refusing to cooperate with the City and to honor the terms of the DA in their operation of commercial cannabis activity. Id. In addition, the City argues that plaintiffs breached the implied covenant by alleging that the DA is a product of fraud while simultaneously engaging in commercial cannabis activity pursuant to the DA. Id. Thus, the City argues that "[s]eeking the benefit of an agreement without the burden is clearly a breach of the covenant of good faith and fair dealing independent of failing to pay fees." Id.

In reply, plaintiffs contend that the City's breach of "the implied covenant [claim] does not provide an independent basis for recovery" because it arises from the same contractual provisions underlying the City's breach of contract claim. Reply at 3-4.

The City alleges that plaintiffs have unfairly interfered with the City's right to receive fees pursuant to the DA both by refusing to comply with the DA's conditions and terms and by engaging in commercial cannabis activity while simultaneously contending

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

that the DA is fraudulent. Thus, the Court finds that the City has sufficiently alleged that it was harmed by plaintiffs' conduct with respect to the DA. The Court further disagrees with plaintiffs that the City's breach of the implied covenant claim is duplicative of the City's breach of contract claim. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss the City's claim for breach of the implied covenant of good faith and fair dealing.

### E.  The City's Claim for Fraud in the Inducement of Contract

Under California law, "[t]he elements of fraudulent inducement are (1) misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages." Yi v. Circle K Stores, Inc., 258 F. Supp. 3d 1075, 1087 (C.D. Cal. 2017), aff'd, 747 F. App'x 643 (9th Cir. 2019).

According to plaintiffs, the City does not allege facts to demonstrate that plaintiffs "did not intend to perform [their] promise *at the time the promise was made*." Mot. at 7 (citation omitted and emphasis added). Thus, plaintiffs argue that that the City's fraud claim is deficient. Id.

In opposition, the City cites its first amended counterclaim to argue that "the fact that both Tier One and Ju knowingly made the false representations is adequately and sufficiently pled." Opp. at 5-6.

In reply, plaintiffs argue that "[t]here are no specific factual allegations sufficiently pled within the confines of the First Amended Counter-Complaint directed as to any specific moving Counter-defendants necessary to maintain any cause of action based on a theory of fraud." Reply at 2.

The Court does not find that the City has pled its fraud claim with sufficient particularity under Rule 9(b). Here, the City alleges that plaintiffs represented that they would pay the City pursuant to the DA, even though they knew or should have known that they could not or would not perform pursuant to the DA. However, the City does not allege the factual basis for its contention that plaintiffs knew their representations were false at the time they entered into the contract with the City. Accordingly, the Court **GRANTS** plaintiffs' motion to dismiss the City's claim for fraud in the inducement of contract, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

### F. The City's Claim for Unjust Enrichment

Plaintiffs first argue that the City's claim for unjust enrichment fails because it is not a claim for relief but a general principle. Mot. at 5. Plaintiffs further argue that the unjust enrichment claim fails because the City does not explain what benefit plaintiffs unjustly obtained. Id.

In opposition, the City asserts that "the counterclaim alleges facts drawn to *both* an express *and* a quasi-contract." Opp. at 8 (emphasis in original). According to the City, if the Court finds the DA to be unenforceable and void, the City should be entitled to claim unjust enrichment. Id. Alternatively, the City alleges that plaintiffs' conduct in operating commercial cannabis activity pursuant to the DA created a quasi-contract with the City. Id.; see also dkt. 106 at 6. Thus, the City argues that its unjust enrichment claim is proper under the circumstances. Opp. at 8.

In reply, plaintiffs contend that courts routinely dismiss claims for unjust enrichment with prejudice. Reply at 3.

The City alleges that plaintiffs continue to benefit from their commercial cannabis activity pursuant to the DA while failing to pay the City the fees owed to it under the DA. The City additionally alleges a quasi-contract claim based on plaintiffs' conduct pursuant to the DA. Thus, the Court finds that the City has sufficiently pled a claim for unjust enrichment. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss the City's claim for unjust enrichment.

### G. The City's Request for a TRO and Preliminary Injunction

Plaintiffs argue that it is inappropriate to bring a claim for injunctive relief because it is a remedy—not a claim for relief. Mot. at 8.

In opposition, the City asserts that it does not request injunctive relief as a claim but "as a request for relief 'pending the resolution of this litigation.'" Opp. at 9; see also dkt. 106 at 6. Thus, the City contends that its request may not be dismissed. Opp. at 9.

The City's request for injunctive relief is made in the alternative to its request for monetary damages. By incorporating by reference its earlier allegations in its request for injunctive relief, the City is asserting that it has suffered an injury that may be remedied by a preliminary injunction. Thus, the City's request serves to notify plaintiffs that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | May 28, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

may at some point in time seek injunctive relief. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss the City's request for a TRO and preliminary injunction.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion to dismiss the City's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and the City's request for a TRO and preliminary injunction. The Court **GRANTS** plaintiffs' motion to dismiss the City's claim for fraud in the inducement of contract, with twenty-one days' leave to amend.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |