UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Torres-Siegrist | Kellen Davis |

**Proceedings:**   ZOOM HEARING ON MOTION TO DISMISS ANTHONY
WILLOUGHBY II'S FIRST AMENDED COUNTER-COMPLAINT
(Dkt. 118, filed on MAY 16, 2024)

## I.    INTRODUCTION AND BACKGROUND

The facts of this case are well-known to the parties and set forth in the Court's
March 15, 2024 order.  Dkt. 91.

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a/ Tier One Consulting
("Tier One Consulting") and David Ju initiated this action against defendants City of
Baldwin Park (the "City"); Robert Nacionales Tafoya, former Baldwin Park City
Attorney; Anthony Willoughby II ("Willoughby"), former Baldwin Park Deputy City
Attorney; Ricardo Pacheco, former Baldwin Park City Council member; Isaac Galvan,
former Mayor of the City of Compton; Lourdes Morales, former Baldwin Park Deputy
City Clerk; Manuel Lozano, former Baldwin Park Mayor; and Does 1 through 50,
inclusive.  Dkt. 1.

On February 10, 2023, defendant Willoughby filed a motion to dismiss plaintiffs'
complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 12.  On February
23, 2023, the City filed a motion to dismiss plaintiffs' complaint.  Dkt. 14.  On March 23,
2023, the Court granted the City's motion to dismiss, finding that plaintiffs had failed to
meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a).  Dkt. 20.
The Court granted plaintiffs leave to amend within thirty days.  Id.  On April 14, 2023,
the Court denied defendant Willoughby's motion to dismiss as moot.  Dkt. 24.

On April 23, 2023, plaintiffs filed a first amended complaint (the "FAC").  Dkt. 25.
On July 7, 2023, the City filed an answer.  Dkt. 26.  On July 13, 2023, the City filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 27. On July 16, 2023, defendant Willoughby filed a motion to dismiss the FAC. Dkt. 29. On August 3, 2023, the Court denied the City's motion for judgment on the pleadings without prejudice as premature. Dkt. 33. On August 28, 2023, the Court granted defendant Willoughby's motion to dismiss with twenty-one days' leave to amend. Dkt. 37. On August 31, 2023, defendants Lozano, Morales, and Pacheco filed a motion to dismiss. Dkt. 38. On September 7, 2023, defendants the City, Lozano, Morales, and Pacheco filed a stipulation to file responsive pleadings to the second amended complaint twenty-one days after its service and withdrew the August 31, 2023 motion to dismiss. Dkt. 40. On September 8, 2023, the Court approved the stipulation. Dkt. 42.

On September 18, 2023, plaintiffs filed a second amended complaint (the "SAC"). Dkt. 43. On September 29, 2023, defendant Morales filed a motion to dismiss and to strike. Dkt. 46. On October 8, 2023, defendant Willoughby filed a motion to dismiss the SAC. Dkt. 47. On October 9, 2023, defendants Lozano and Pacheco filed a joint motion to dismiss and to strike. Dkt. 48. That same day, the City filed a motion to dismiss and to strike. Dkt. 49. On November 27, 2023, the Court held a hearing and granted in part and denied in part defendants' motions to dismiss and defendants' motions to strike. Dkt. 66. The Court denied Morales' request for sanctions and permitted plaintiffs to file a third amended complaint. Id.

On December 22, 2023, plaintiffs filed a third amended complaint (the "TAC"). Dkt. 70. The TAC names the same defendants and asserts claims for (1) writ of mandate against the City and request for preliminary injunction; (2) inverse condemnation/Fifth Amendment Takings Clause violation brought pursuant to 42 U.S.C. § 1983, as against all individual defendants except Galvan; (3) Monell liability pursuant to 42 U.S.C. § 1983, as against the City; (4) negligence, as against all defendants; (5) fraud, as against all defendants; and (6) a claim for declaratory relief. Id.

On January 17, 2024, plaintiffs and defendants the City, Lozano, Morales, Pacheco, and Tafoya filed a stipulation to strike paragraphs 31-33, 54-56, 28, and 377-394 of the TAC. Dkt. 71. On January 19, 2024, the Court granted the stipulation and ordered that the aforementioned paragraphs be stricken from the TAC and not referred to by any party in this action. Dkt. 78. On January 18, 2024, defendant Morales filed a motion to dismiss and to strike. Dkt. 72. On January 19, 2024, the City filed a motion to dismiss and to strike. Dkt. 73. That same day, defendant Willoughby filed a motion to dismiss the TAC. Dkt. 74. Defendants Lozano and Pacheco filed a joint motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

dismiss and to strike.  Dkt. 75.  Defendant Tafoya also filed a motion to dismiss and to strike.  Dkt. 76.

On March 15, 2024, the Court granted in part and denied in part defendants' motions to dismiss and defendants' motions to strike.  Dkt. 91.  The Court granted defendants' motions to dismiss plaintiffs' claim for inverse condemnation and claim for Monell liability, with prejudice; retained supplemental jurisdiction over plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367; and denied defendants' motions to dismiss plaintiffs' claim for fraud and claim for negligence.  Id.  The Court also dismissed plaintiffs' first claim for a writ of mandate against the City and request for a preliminary injunction without prejudice.  Id.  Finally, the Court denied defendants' requests for sanctions, but reserved judgment on sanctions for decision at the conclusion of the case.  Id.

On March 28, 2024, the City filed a cross-complaint against plaintiffs Tier One Consulting, David Ju, and Roes 1 through 10, inclusive.  Dkt. 97.  On April 3, 2024, the Court struck the City's cross-complaint based on the Notice to Filer of Deficiencies, dkt. 102, and ordered the City to file an Amended Counterclaim.  Dkt. 104.  On April 4, 2024, the City filed a first amended counterclaim against plaintiffs.  Dkt. 106.  The City asserts four claims for relief: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud in the inducement of contract; and (4) unjust enrichment.  Id.  The City also requests a temporary restraining order ("TRO") and preliminary injunction, pending the resolution of this litigation.  Id.

On March 29, 2024, Willoughby filed a cross-complaint against plaintiffs Tier One Consulting, David Ju, and Roes 1 through 50.  Dkt. 99.  On April 4, 2024, the Court struck Willoughby's cross-complaint based on the Notice to Filer of Deficiencies, dkt. 105, and ordered Willoughby to file a Counterclaim.  Dkt. 107.  On April 19, 2024, Willoughby filed a first amended counterclaim, asserting the same four claims for relief as the City: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud in the inducement of contract; and (4) unjust enrichment.  Dkt. 108.

On April 25, 2024, plaintiffs filed a motion to dismiss the City's first amended counter-complaint.  Dkt. 111.  On May 28, 2024, the Court denied plaintiffs' motion to dismiss the City's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and the City's request for a TRO and preliminary injunction, and granted plaintiffs' motion to dismiss the City's claim for fraud in the inducement of contract, with twenty-one days' leave to amend.  Dkt. 121.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   **'O'**

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

On May 16, 2024, before the Court issued its order regarding plaintiffs' motion to dismiss the City's first amended counter-complaint, plaintiffs filed a motion to dismiss Willoughby's first amended counter-complaint. Dkt. 118 ("Mot."). On June 5, 2024, Willoughby filed an opposition to plaintiffs' motion. Dkt. 122 ("Opp."). On June 10, 2024, plaintiffs filed a reply to Willoughby's opposition. Dkt. 124 ("Reply").

On June 24, 2024, the Court held a hearing on plaintiffs' motion to dismiss Willoughby's first amended counter-complaint. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.   DISCUSSION

### A.   Willoughby's Request for an Entry of Default Against Plaintiffs

The parties dispute whether there was an effort to meet and confer by plaintiffs. The thrust of Willoughby's argument is, first, that plaintiffs failed to meet and confer as required by Local Rule 7-3, and plaintiffs' motion to dismiss should therefore be stricken. Second, because the motion should be stricken, and plaintiffs have failed to file any responsive pleading, either a motion or an answer, the Court should enter default in favor of Willoughby and against plaintiffs. Counsel for plaintiffs contends that he attempted to meet and confer with respect to Willoughby's cross-complaint filed on March 29, 2024. See dkt. 118-1, Declaration of Torres-Siegrist. Because Willoughby thereafter filed the same pleading now styled as a counterclaim, counsel for plaintiff argues that he is entitled to rely on the lack of response to his initial meet and confer effort. See id. In any event, even if the parties had met and conferred, it appears that the parties could not come

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

to an agreement and that plaintiffs would still have been required to bring the instant motion. Accordingly, the Court proceeds to analyze the merits of plaintiffs' motion.[1]

**B.    Timeliness of Willoughby's Counterclaims and the Parties' Papers**

Willoughby contends that plaintiffs did not timely file the instant motion to dismiss. Dkt. 122 at 3. First, Willoughby asserts that plaintiffs should have responded to Willoughby's counterclaims by May 10, 2024—twenty-one days after Willoughby filed them—instead of on May 16, 2024. Id. at 3-4. Second, Willoughby argues that plaintiffs "have filed this untimely copy and paste of their motion as to [the City] in an effort to avoid default." Id. at 3.

Plaintiffs contend that Willoughby inexplicably filed his amended counterclaim months after he filed his answer in this action. Reply at 1. In addition, plaintiffs assert that Willoughby did not file his opposition to the instant motion on or before the June 3, 2024 deadline imposed by the Local Rules. Id.

It appears to the Court that Willoughby timely filed an answer and cross-complaint on March 29, 2024. Dkts. 98, 99. However, on April 4, 2024, the Court struck the cross-complaint and ordered Willoughby to file a counterclaim forthwith. Dkts. 105, 107. Thereafter on April 19, 2024, Willoughby filed the amended counterclaims at issue. Dkt. 108. Thus, the Court finds that Willoughby's counterclaims are not new but relate back to Willoughby's original filing on March 29, 2024. Further, a delay of a few days in filing the instant motion or in filing the opposition thereto is not prejudicial to either party. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss for untimeliness and considers both parties' arguments and submissions.

**C.    Subject Matter Jurisdiction**

Plaintiffs argue that the Court lacks subject matter jurisdiction over this case because Willoughby has failed to allege jurisdiction based on a federal question or diversity in his first amended counterclaim. Mot. at 2-3.

In opposition, Willoughby asserts that the Court already exercised supplemental jurisdiction over plaintiffs' remaining state law claims in its March 15, 2024 order. Opp.

---

[1] Notwithstanding the Court's decision to proceed on the motion, plaintiffs are admonished to follow the Local Rules. Any future failure to comply with those Rules may result in dismissal of plaintiffs' claims or other sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

at 5. According to Willoughby, he obtained the cannabis license at issue in this action and over which plaintiffs "took control[.]" Id. Thus, Willoughby argues that his counterclaims are compulsory because they "arise directly out of the same facts and circumstances" as plaintiffs' claims. Id.

As the Court noted in its May 28, 2024 order, this motion fails because the Court expressly retained supplemental jurisdiction over plaintiffs' state law claims on March 15, 2024. See dkt. 121; see also dkt. 91. Because Willoughby's counterclaims relate to the commercial cannabis license—the subject matter of plaintiffs' fraud claim—the Court agrees that they are compulsory and are thus subject to the Court's supplemental jurisdiction. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss for lack of subject matter jurisdiction.

### D.    Statute of Limitations

Plaintiffs argue that Willoughby's breach of contract claim is barred by the four-year statute of limitations because Willoughby fails to allege when the parties entered into the agreement and when plaintiffs breached the agreement. Mot. at 3. Similarly, plaintiffs argue that Willoughby's fraud claim is barred by the three-year statute of limitations because Willoughby fails to allege "the date of the fraud and/or the date of discovery." Id. at 4-5.

In opposition, Willoughby asserts that the terms of his employment contract with plaintiffs survived the termination of his employment and remain enforceable. Opp. at 6. Further, because Willoughby's claim for breach of contract arises out of plaintiffs' failure to indemnify him, Willoughby argues that his claims did not accrue until plaintiffs filed this action. Id. In addition, Willoughby asserts that plaintiffs "have simply copied and pasted their motion as to [the] City" and do not make any arguments related to Willoughby's fraud in the inducement claim. Opp. at 7-8. He contends that plaintiffs appear to have filed their motion solely to avoid default. Id. at 8.

In reply, plaintiffs assert that a court may grant a motion to dismiss based on the running of the statute of limitations "where 'the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Reply at 1-2 (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)). Plaintiffs further argue that the Court should reject Willoughby's "new allegations" that the contract at issue is an employment contract. Reply at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

In its May 28, 2024 order, the Court found that the issue of whether the City's compulsory counterclaims are barred by the statute of limitations is better decided on a motion for summary judgment. See dkt. 91. Similarly, the Court finds that the issue of whether Willoughby's compulsory counterclaims are barred by the statute of limitations is also better decided on a motion for summary judgment. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss as it pertains to the statute of limitations.

### E.   Willoughby's Claim for Breach of Contract

To prevail on a claim for breach of contract under California law, a plaintiff must establish "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. Gen. Ins. Co., 68 Cal. 2d. 822, 830 (1968)).

Plaintiffs argue that because the breach of contract claim relates to "commercial cannabis: a schedule 1 drug in the federal system," Willoughby does not allege a lawful objective to prove the existence of a valid contract. Mot. at 4.

In opposition, Willoughby asserts that "[i]t is entirely unclear how the employment contract [between Willoughby and plaintiffs] is for an 'unlawful purpose.'" Opp. at 7. According to Willoughby, plaintiffs do not present any analysis regarding any alleged defects in Willoughby's breach of contract claim. Id. Thus, Willoughby contends that plaintiffs filed this "frivolous" motion to avoid default. Id.

In reply, plaintiffs assert that the breach of contract claim is vague because Willoughby does not allege when plaintiffs entered into and breached the agreement. Reply at 5. Further, plaintiffs contend that "Tier One Consulting had to be created after [Willoughby] and his cronies sold Plaintiff J[u] a non-existent entity that had not been registered with the Secretary of State." Id. (emphasis omitted).

It appears to the Court that Willoughby has sufficiently alleged that plaintiffs have breached Tier One's employment agreement with Willoughby. Willoughby alleges that he and Tier One entered into an employment contract and that he performed all of his obligations pursuant to the contract, including obtaining a commercial cannabis license.[2] See dkt. 108. Willoughby further alleges that plaintiffs, as the assigns, successors, and/or

---

[2] Willoughby attached a copy of his employment agreement with Tier One to his amended counterclaim. Dkt. 108, Exh. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | **'O'** |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

owners of Tier One, have breached the employment contract by failing to indemnify him, hold him harmless from liability arising "from any act that occurred as a result of [his] employment with Tier 1," and pay him $1,000,000 for accusing him of criminal conduct in this action. Dkt. 108 at 4. Because plaintiffs have failed to perform their obligations under the contract, Willoughby has not been paid the $1,000,000 and has had to pay for his legal representation throughout this case. See id. at 5. Thus, the Court finds that Willoughby has sufficiently pled a claim for breach of contract. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss Willoughby's claim for breach of contract.

### F. Willoughby's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

To establish a breach of the implied covenant of good faith and fair dealing in California, a plaintiff must show:

(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.

Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

Plaintiffs argue that the Court should dismiss Willoughby's claim for breach of the implied covenant of good faith and fair dealing because it is duplicative of Willoughby's breach of contract claim. Mot. at 5-6.

In opposition, Willoughby asserts that while his claim for breach of contract relates to plaintiffs' failure to comply with the terms of the employment contract, his claim for breach of the implied covenant relates to plaintiffs' failure to communicate with and remit payment to him. Opp. at 9. Thus, Willoughby argues that his breach of the implied covenant claim is not duplicative of his breach of contract claim. Id.

In reply, plaintiffs contend that Willoughby's breach of "the implied covenant [claim] does not provide an independent basis for recovery" because the claim arises from the same contractual provisions underlying Willoughby's breach of contract claim. Reply at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

The Court disagrees with plaintiffs that Willoughby's breach of the implied covenant claim is duplicative of Willoughby's breach of contract claim. Willoughby has sufficiently alleged that plaintiffs have breached the implied covenant of good faith and fair dealing by refusing to communicate with Willoughby, by failing to remit certain payments due to Willoughby, and by bringing the instant action against Willoughby. Accordingly, the Court **DENIES** plaintiffs' motion to dismiss Willoughby's claim for breach of the implied covenant of good faith and fair dealing.

### G.    Willoughby's Claim for Fraud in the Inducement of Contract

Under California law, "[t]he elements of fraudulent inducement are (1) misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages." Yi v. Circle K Stores, Inc., 258 F. Supp. 3d 1075, 1087 (C.D. Cal. 2017), aff'd, 747 F. App'x 643 (9th Cir. 2019).

Plaintiffs argue that Willoughby fails to allege facts to demonstrate that plaintiffs intended to defraud Willoughby and did not intend to perform their promise "at the time the promise was made." Mot. at 7 (citation omitted). Thus, plaintiffs assert that Willoughby's fraud claim is deficient. Id. at 8.

In opposition, Willoughby argues that he has alleged what representations were made in his employment contract—without which he would not have entered into the contract—and plaintiffs' knowledge of the representations' falsity. Opp. at 9. Thus, he contends that he has sufficiently pled a claim for fraud in the inducement. Id.

In reply, plaintiffs argue that "[t]here are no specific factual allegations sufficiently pled within the confines of the First Amended Counter-Complaint directed as to any specific moving Counter-defendants necessary to maintain any cause of action based on a theory of fraud." Reply at 3-4.

It is not clear to the Court what Willoughby contends is the alleged fraud by plaintiffs, particularly because Willoughby entered into the employment contract with Tier One when it was owned by his father, Anthony Willoughby. Further, Willoughby has not sufficiently alleged how plaintiffs defrauded him or what misrepresentations they knowingly made to him. Accordingly, the Court **GRANTS** plaintiffs' motion to dismiss Willoughby's claim for fraud in the inducement of contract, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:23-cv-00384-CAS (PVCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | DJCBP CORPORATION, ET AL. V. CITY OF BALDWIN PARK, ET AL. | | |

### H.   Willoughby's Claim for Unjust Enrichment

Plaintiffs first argue that Willoughby's claim for unjust enrichment fails because unjust enrichment is not a claim for relief but "a general principle." Mot. at 5 (citation omitted). Plaintiffs further argue that the unjust enrichment claim fails because Willoughby does not explain what benefit plaintiffs unjustly obtained. Id.

In opposition, Willoughby asserts that he obtained a commercial cannabis license pursuant to his employment contract. Opp. at 8. He contends that plaintiffs, "as the successor to Willoughby's employer," have unjustly retained the benefits from the license and have failed to provide Willoughby the benefits of his employment contract. Id.

In reply, plaintiffs contend that courts routinely dismiss claims for unjust enrichment with prejudice. Reply at 4.

It appears to the Court that if Willoughby relinquished ownership of his work product to Tier One pursuant to his employment contract, plaintiffs have not unjustly benefited from the cannabis license at Willoughby's expense. Willoughby further alleges that plaintiffs have failed to provide him with the benefits due under his employment contract. However, this allegation appears to be duplicative of his breach of contract claim. Thus, the Court does not find that Willoughby has sufficiently alleged how plaintiffs have been unjustly enriched. Accordingly, the Court **GRANTS** plaintiffs' motion to dismiss Willoughby's claim for unjust enrichment, with leave to amend.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion to dismiss Willoughby's claims for breach of contract and for breach of the implied covenant of good faith and fair dealing. The Court **GRANTS** plaintiffs' motion to dismiss Willoughby's claims for fraud in the inducement of contract and for unjust enrichment, with twenty-one days' leave to amend.

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |