UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | James Pence-Aviles | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
David Torres-Siegrist

Attorneys Present for Defendants:
Jose Pulido

**Proceedings:**   ZOOM HEARING RE:

PLAINTIFFS' MOTIONS *IN LIMINE* 1-4 (Dkts. 157-160, filed on July 9, 2025)

DEFENDANTS' MOTIONS *IN LIMINE* 1-4 (Dkts. 163-166, filed on July 10, 2025)

## I.   INTRODUCTION & BACKGROUND

The background of this case is well-known to the parties and set forth in the Court's March 15, 2024 order.  See dkt. 91.  The Court briefly recites relevant procedural history below, though a comprehensive account is provided in the Court's March 11, 2025 order.  See dkt. 146.

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a/ Tier One Consulting ("Tier One") and David Ju (collectively, "plaintiffs") initiated this action against defendants City of Baldwin Park (the "City"); Robert Nacionales Tafoya ("Tafoya"), former Baldwin Park City Attorney; Anthony Willoughby II ("Willoughby"), former Baldwin Park Deputy City Attorney; Ricardo Pacheco ("Pacheco"), former Baldwin Park City Council member; Isaac Galvan ("Galvan"), former Mayor of the City of Compton; Lourdes Morales ("Morales"), former Baldwin Park Deputy City Clerk; Manuel Lozano ("Lozano"), former Baldwin Park Mayor; and Does 1 through 50, inclusive.  Dkt. 1.

On December 22, 2023, plaintiffs filed the operative third amended complaint (the "TAC").  Dkt. 70.  The TAC names the same defendants and asserts claims for (1) writ of mandate against the City and request for preliminary injunction; (2) inverse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

condemnation/Fifth Amendment Takings Clause violation brought pursuant to 42 U.S.C. § 1983, as against all individual defendants except Galvan; (3) Monell liability pursuant to 42 U.S.C. § 1983, as against the City; (4) negligence, as against all defendants; (5) fraud, as against all defendants; and (6) a claim for declaratory relief. Id.

On January 18, 2024 and January 19, 2024, several defendants filed motions to dismiss the TAC and motions to strike paragraphs in the TAC. Dkts. 72-76. On March 15, 2024, the Court granted in part and denied in part these motions. Dkt. 91. The Court granted the motions to dismiss plaintiffs' claim for inverse condemnation and claim for Monell liability, with prejudice; retained supplemental jurisdiction over plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367; and denied the motions to dismiss plaintiffs' claim for fraud and claim for negligence. Id. The Court also dismissed plaintiffs' first claim for a writ of mandate against the City and request for a preliminary injunction without prejudice. Id. Finally, the Court reserved judgment on sanctions for decision at the conclusion of the case. Id.

On March 28, 2024, the City filed a cross-complaint against plaintiffs Tier One Consulting, David Ju, and Roes 1 through 10, inclusive. Dkt. 97. On April 4, 2024, the City filed the operative first Amended Counterclaim against plaintiffs. Dkt. 106. The City asserts four claims for relief: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud in the inducement of contract; and (4) unjust enrichment. Id. The City also requests a temporary restraining order ("TRO") and preliminary injunction, pending the resolution of this litigation. Id.

On April 25, 2024, plaintiffs filed a motion to dismiss the City's first Amended Counterclaim. Dkt. 111. On May 28, 2024, the Court denied plaintiffs' motion to dismiss the City's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and the City's request for a TRO and preliminary injunction, and granted plaintiffs' motion to dismiss the City's claim for fraud in the inducement of contract, with twenty-one days' leave to amend. Dkt. 121.

On March 29, 2024, Willoughby filed a cross-complaint against plaintiffs Tier One Consulting, David Ju, and Roes 1 through 50, which was amended on April 19, 2024. Dkts. 99, 108. On January 6, 2025, plaintiffs and Willoughby settled their claims against one another. Dkt. 134. On January 24, 2025, the Court ordered these claims dismissed. Dkts. 140, 141.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

Plaintiffs' remaining claims in this case are for negligence and fraud, as against all defendants, except Willoughby.[1]  The City's remaining counterclaims against plaintiffs are for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, as well as the City's request for a TRO and preliminary injunction.

On July 9, 2025, plaintiffs filed the following motions *in limine*: (1) a motion to exclude any evidence or witnesses introduced at trial by defendants that were not disclosed in defendants' Federal Rule of Civil Procedure 26 ("Rule 26") disclosures, dkt. 157 ("P MIL 1"); (2) a motion to exclude any expert opinions introduced at trial by defendants, dkt. 158 ("P MIL 2"); (3) a motion to prohibit defendants from referring to the commercial cannabis development agreement at trial as a product of "arm's length negotiations" or "standard process[es,]" dkt. 159 ("P MIL 3"); and (4) a motion to exclude any reference to the state court writ of mandate proceedings that challenged the City's cancellation of plaintiffs' cannabis license, dkt. 160 ("P MIL 4").

On July 10, 2025, defendants the City, Tafoya, Pacheco, Lozano, and Morales (collectively, "defendants") filed the following motions *in limine*: (1) a motion to exclude "indictments, plea deals, and related materials," dkt. 163 ("D MIL 1"); (2) a motion to exclude evidence pertaining to non-party Rukli, Inc., dkt. 164 ("D MIL 2"); (3) a motion to exclude any evidence not disclosed during discovery pursuant to Rule 26, dkt. 165 ("D MIL 3"); and (4) a motion to prohibit evidence from being used against all defendants at trial, and to instead request that the Court determine whether evidence is admissible on a defendant-by-defendant basis, dkt. 166 ("D MIL 4").

On July 21, 2025, plaintiffs filed oppositions to each of defendants' motions *in limine*.  Dkt. 172 ("P Opp. 1"), dkt. 173 ("P Opp. 2"), dkt. 174 ("P Opp. 3"), dkt. 175 ("P Opp. 4").  On July 22, 2025, defendants filed oppositions to each of plaintiffs' motions *in*

---

[1] It appears that defendant Galvan has not yet made an appearance in this case, but plaintiffs assert two claims against him.  The proposed pretrial conference order states that "[Galvan] has been served and plaintiffs request a default to be entered as to [Galvan] at this time."  Dkt. 191-1 at 3.  If plaintiffs wish to pursue a default judgment against Galvan, they must follow the procedures outlined in Federal Rule of Civil Procedure 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

*limine*. Dkt. 179 ("D Opp. 1"), dkt. 180 ("D Opp. 2"), dkt. 181 ("D Opp. 3"), dkt. 182 ("D Opp. 4").

On August 11, 2025, the Court held a hearing. Plaintiffs' and defendants' motions *in limine* are presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III.   DISCUSSION

### A.   Plaintiffs' Motions *in Limine*

#### 1.   Plaintiffs' Motion *in Limine* #1

Plaintiffs move to bar any defendant from introducing any evidence or witness testimony at trial, due to defendants' failure to make their required Rule 26 disclosures. P MIL 1 at 3. Plaintiffs argue that Federal Rule of Civil Procedure 37 ("Rule 37") provides a "self-executing, automatic sanction" against parties that fail to comply with Rule 26(a) disclosures. Id. at 4. Plaintiffs contend that not a single defendant made their required Rule 26 disclosures, and that therefore, all defendants should be precluded from introducing evidence at trial. Id.

In opposition, defendants argue that plaintiffs' first motion *in limine* fails to identify any specific documents or testimony that remain undisclosed. D Opp. 1 at 3. Furthermore, defendants contend that they served their initial disclosures and responses to discovery "well before" the cut-off date of July 16, 2025. Id. Defendants assert that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

any "subsequently requested materials were produced by July 16, or the subject of good-faith reservations of [their] right to supplement." Id. Additionally, defendants argue that any purported noncompliance was harmless under Rule 37 and thus not subject to automatic exclusion, because plaintiffs "had full notice of the substance of [d]efendants' evidence through attachments to pleadings, depositions, meet-and-confers, early disclosures[,] and responses to discovery." Id. at 4. Finally, defendants contend that a motion for sanctions, not a motion *in limine*, is the proper vehicle to enforce Rule 37. Id.

The Court cannot rule on plaintiffs' first motion *in limine* without further details on the specific document or witness testimony that plaintiffs seek to exclude. The Court therefore denies this motion without prejudice. Plaintiffs may renew this motion by raising specific objections to evidence at trial, on the grounds that the specific piece of evidence or witness testimony was not previously disclosed.

    2.    Plaintiffs' Motion *in Limine* #2

Plaintiffs move to bar any defendant from introducing any expert opinions at trial, due to defendants' failure to make expert disclosures pursuant to Rule 26(a)(2). P MIL 2 at 3. Plaintiffs argue that any expert opinions introduced by defendants are automatically excluded under Rule 37. Id. at 4. Plaintiffs contend that admitting such evidence would prejudice plaintiffs' ability to prepare rebuttal evidence, conduct depositions, or file appropriate Daubert motions. Id.

In opposition, defendants argue that plaintiffs' second motion *in limine* fails to identify any specific expert opinion that remains undisclosed. D Opp. 2 at 3. Defendants then repeat their arguments in opposition to plaintiffs' first motion *in limine*: that defendants served initial disclosures and timely supplemented them, that any purported noncompliance was harmless, and that plaintiffs' motion should be brought as a motion for sanctions. Id. at 3-4. Specifically, defendants assert that plaintiffs had full notice of defendants' expert evidence through "telephonic indications of the retention of an expert in [m]unicipal [c]annabis [l]aw." Id. at 4.

The Court finds that defendants are barred from introducing expert evidence at trial that was not disclosed pursuant to Rule 26. It appears from defendants' opposition brief that defendants may seek to introduce the opinion of an expert in municipal cannabis law at trial. See D Opp. 2 at 4. However, "Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of any expert witness." Goodman v. Staples The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

Off. Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011). If the expert is "one retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be accompanied by a written report containing (1) a complete statement of the expert's opinions and their bases, (2) the information relied upon by the expert in forming the opinions, (3) all exhibits to be used to summarize or support the opinions, (4) the expert's qualifications and list of publications, (5) a list of cases in which the expert testified, and (6) a statement of the expert's compensation. Fed. R. Civ. P. 26(a)(2)(B). A party must submit its expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, on May 6, 2024, the Court issued a scheduling order setting April 17, 2025 as the initial fact and expert discovery cut-off date in this matter. See dkt. 115. On May 2, 2025, upon stipulation by the parties, the Court extended the fact and expert discovery cut-off date to July 16, 2025. See dkt. 153. On July 21, 2025, upon plaintiffs' *ex parte* request, the Court extended the discovery cut-off date to August 18, 2025, for the narrow purpose of enabling plaintiffs to attempt to take the depositions of Morales, Lozano, Pacheco, and Tafoya. See dkt. 171. It therefore appears that the period for expert discovery in this matter expired on July 16, 2025. To the Court's knowledge, defendants never formally designated an expert or submitted an expert report. Accordingly, insofar as defendants seek to introduce testimony from a municipal cannabis law expert who was not properly disclosed under Rule 26, the Court concludes that this testimony is barred.

Defendants state, in a conclusory fashion, that "any purported noncompliance was harmless." See D Opp. 2 at 4. However, the Court finds that this is insufficient to meet defendants' burden of establishing that their failure to disclose the municipal cannabis law expert was substantially justified or harmless. See Yeti, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Accordingly, the Court finds that the testimony of any expert witness who was not properly disclosed under Rule 26, including defendants' purported municipal cannabis law expert, must be excluded under Rule 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

3. <u>Plaintiffs' Motion *in Limine* #3</u>

Plaintiffs move to prohibit defendants from referring to the commercial cannabis development agreement at trial as a product of "arm's length negotiations" or "standard process[es]." P MIL 3 at 3. Plaintiffs first contend that any such reference must be barred under Federal Rule of Evidence 403 ("Rule 403"), because it would "mislead the jury by presenting a false narrative contradicted by binding admissions." <u>Id.</u> Next, plaintiffs argue that any such reference is barred by judicial estoppel, as defendant Tafoya and defendant Pacheco formally acknowledged in their plea agreements that their commercial cannabis development agreements "lacked genuine negotiation and instead facilitated bribery and were a platform for the use of sham consultants." <u>Id.</u> at 4. Finally, plaintiffs argue that collateral estoppel also bars defendants from asserting that genuine negotiations or standard processes occurred, because "[a] criminal conviction has collateral estoppel effect in a subsequent civil proceeding." <u>Id.</u>

In opposition, defendants argue that the fact that the City entered into an "arm's length transaction," following its standard process for "conducting routine business," is highly relevant to the instant case and admissible under Rule 403. D Opp. 3 at 3. Defendants contend that the jury will "need to know" how the City defined its contract with plaintiffs and how the City conducted business operations, contract creation, and approvals. <u>Id.</u> Further, defendants argue that the City's routine operating procedures and dealings with plaintiffs constitute the City's habit and routine practice, and may be admitted under Federal Rule of Evidence 406. <u>Id.</u>

The Court finds that it is for the jury to decide whether the commercial cannabis development agreement at issue in this case was a product of "arm's length negotiations" or "standard process[es]," as defendants appear to contend, or whether it was a product of defendants' negligence and fraud, as plaintiffs appear to contend. At trial, the agreement should be referred to as "the commercial cannabis development agreement." However, the Court will not prohibit defendants from arguing, based on proffered evidence, that it was a product of "arm's length negotiations" or "standard process[es]." These terms are not substantially more prejudicial than probative.

Plaintiffs' arguments about judicial estoppel and collateral estoppel appear to be inapposite, as plaintiffs were not a party to Tafoya or Pacheco's plea agreements, and the factual basis of the plea agreements do not reference plaintiffs' commercial cannabis development agreement specifically.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

4.      Plaintiffs' Motion *in Limine* #4

Plaintiffs move to exclude any reference to the state court writ of mandate proceedings that challenged the City's cancellation of plaintiffs' cannabis license. P MIL 4 at 3. Plaintiffs argue that these proceedings were ultimately dismissed, but the issues addressed therein were "fundamentally different" than the claims asserted in the present lawsuit. Id. Specifically, plaintiffs contend that the state court writ involved issues of procedural compliance and local regulatory standards, unlike the broader claims of negligence and fraud asserted here. Id. Plaintiffs therefore argue that the state court writ proceedings are irrelevant under Federal Rule of Evidence 402 ("Rule 402") and unfairly prejudicial under Rule 403, as such evidence will mislead the jury to "believ[e] that [plaintiffs'] current claims have already been adjudicated and found meritless." Id. Additionally, plaintiffs assert that their present claims are not barred by issue preclusion, because the state court writ proceedings involved different issues. Id. at 4.

In opposition, defendants argue that evidence of the state court writ proceedings is highly probative and admissible under Rule 403. D Opp. 4 at 3. Defendants contend that the state court writ proceedings are related to the issuance and subsequent revocation of plaintiffs' commercial cannabis license, due to plaintiffs' non-payment. Id. Defendants assert that, following principles of judicial estoppel, plaintiffs should not be allowed to assert positions contrary to those already taken in the state court writ proceedings. Id. Defendants contend that the "documents, facts, and pleadings" from state court are judicially noticeable, and any risk of confusion to jurors can be mitigated by a limiting instruction. Id. According to defendants, this limiting instruction will preserve plaintiffs' rights while allowing defendants to "present the full context of [plaintiffs'] bad faith dealings with the City." Id. at 4.

Plaintiffs did not attach any documents from the state court writ proceedings to their fourth motion *in limine*. Similarly, defendants did not attach any documents from the state court writ proceedings to their opposition brief. At oral argument, plaintiffs' counsel stated that he would lodge the relevant documents from the state court writ proceedings, DJCBP Corporation vs. City of Baldwin Park, et al., Case No. 24STCP00313, with the Court. He stated that the state court writ petition was filed in Los Angeles County Superior Court in January 2024. Counsel for both parties agreed that the writ petition was ultimately dismissed by plaintiffs. At oral argument, the Court determined that defendants' counsel can request judicial notice of the writ petition. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

Court further determined that, at trial, defendants' counsel can use the writ petition, as appropriate, to cross-examine witnesses, but cannot use it to prove the truth of the matters asserted.

### B. Defendants' Motions *in Limine*

#### 1. Defendants' Motion *in Limine* #1

Defendants move to exclude "indictments, plea deals, and related materials," arguing that plaintiffs improperly attempt to connect these materials with "unrelated" matters of the present case: plaintiffs' contract with the City for a cannabis business. D MIL 1 at 3. Defendants note that the Court has already stricken non-party Gabriel Chavez's plea deal (Exhibit G), defendant Pacheco's plea deal (Exhibit H), and defendant Galvan's indictment (Exhibit I) from the TAC, as well as paragraphs 175, 205-204, and 376. Id. (citing dkt. 91 at 21). Defendants argue that any probative value from these materials is outweighed by the danger of unfair prejudice, as these materials will bias and confuse the jury against defendants. Id. Defendants assert that this is especially true for defendant Morales, who is not a part of any indictment or plea deal. Id. Further, defendants request that the Court require plaintiffs to submit a new copy of the TAC that conforms with the Court's earlier orders. Id.

In opposition, plaintiffs argue that evidence of the indictment and plea deals concerning City officials are relevant and admissible, as they "bear directly on [p]laintiffs' allegations that the City's contract award process was systematically corrupted." P Opp. 1 at 1. According to plaintiffs, these materials "establish a pattern of bribery" and "reveal the knowledge and intent of municipal decision-makers." Id. Further, plaintiffs contend that these materials are relevant to the City's counterclaim, by which the City seeks to enforce and collect upon plaintiffs' commercial cannabis development agreement. Id. Plaintiffs assert that this development agreement was drafted by Tafoya, who committed felonies arising "from the very subject matter of this case" and is now "ineligible" to practice law. Id.

Plaintiffs contend that the indictment and plea deals show that City officers were convicted "for corruption practices materially similar to those alleged here" and "demonstrate a common scheme or plan" under Federal Rule of Evidence 404(b) ("Rule 404(b)") to obtain City contracts through illicit payments. Id. at 4. Plaintiffs assert that the materials also provide context for plaintiffs' allegation that the award process was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

unfair and show why the development agreement with plaintiffs is now unenforceable. Id. Plaintiffs contend that any prejudice can be mitigated by a limiting instruction, directing the jury to consider the indictments and plea deals solely for the purpose of evaluating defendants' motive, intent, or scheme. Id. Plaintiffs state that this instruction will preserve defendants' due process rights while allowing plaintiffs "to present the full context of municipal corruption." Id. at 5. Additionally, plaintiffs argue that the plea agreements and their factual recitals are binding judicial admissions, and that judicial estoppel bars Tafoya and Pacheco from asserting contrary facts in the present case. Id. at 2. Plaintiffs also contend that collateral estoppel bars Tafoya and Pacheco from asserting that "genuine negotiations" or "standard processes" occurred. Id. at 3.

The Court reiterates that Tafoya's plea deal, Pacheco's plea deal, and Galvan's indictment are irrelevant to plaintiffs' claims. See dkt. 91 at 21 (striking plea deals and indictment from pleadings). Plaintiffs' claims must instead involve actions by the City and the individual defendants that breached a duty of care owed to plaintiffs, and/or false representations made by the individual defendants to plaintiffs. Plaintiffs may not use the plea deals or the indictment as propensity evidence. See Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Further, plaintiffs have not adequately demonstrated how this evidence is probative of defendants' motive, intent, or plan. Accordingly, the Court finds that exclusion of Tafoya's plea deal, Pacheco's plea deal, and Galvan's indictment is warranted.

    2.  Defendants' Motion *in Limine* #2

Defendants move to exclude evidence pertaining to non-party Rukli, Inc. D MIL 2 at 3. Defendants argue that, in the Court's order dated November 27, 2023, the Court found that "there is no purpose for including in the pleadings… the allegations relating to the 'black market grow' by Lozano's relative, Rukli, Inc.'s alleged monopoly on the transportation of cannabis, and cannabis consulting entities." Id. (citing dkt. 66 at 23). Defendants assert that this would be evidence of bad acts unrelated to the transaction at issue and would be unduly prejudicial to defendants. Id. Defendants then restate their argument that plaintiffs should be required to submit a new copy of the TAC that conforms with the Court's earlier orders. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

In opposition, plaintiffs argue that evidence of the City's "illegal monopoly" with Rukli, Inc. is "at the heart" of plaintiffs' theory of the case. P Opp. 2 at 1. Plaintiffs contend that defendants conspired to manipulate the City's cannabis licensing process to favor a small circle of insiders, including Rukli, Inc., which received exclusive cannabis distribution rights. Id. According to plaintiffs, this evidence is relevant to demonstrate the existence and workings of the "insider-only licensing scheme" and to explain why plaintiffs' development agreement with the City was frustrated. Id. Plaintiffs assert that the evidence is intrinsic because it directly proves defendants' alleged wrongdoing, and is therefore not subject to the Rule 404(b) analysis. Id. However, even if Rule 404(b) applies, plaintiffs argue that the evidence is admissible to show defendants' intent and scheme to favor insiders, and to refute any claim that the City's award to Rukli, Inc. was inadvertent. Id. at 2. Plaintiffs then contend that any prejudice can be mitigated with a limiting instruction, because the probative value of this evidence is "overwhelming," given that Rukli, Inc.'s monopoly corroborates plaintiffs' allegation of a rigged process and undermines defendants' defense of regularity and good daith Id. Finally, plaintiffs argue that defendants' request for another copy of the TAC is outside the scope of a motion *in limine*. Id.

The Court finds that addressing the issue of whether Rukli, Inc. maintained an "illegal monopoly" with the City for exclusive cannabis distribution rights would likely create a mini-trial within this trial. Further, it appears irrelevant to plaintiffs' claims, which must involve negligent actions taken by defendants that breached a duty to plaintiffs and/or false representations made by defendants to plaintiffs. The Court therefore finds that this evidence is minimally probative under Rule 402 and is not admissible as evidence of defendants' prior bad acts under Rule 404(b)(1). Accordingly, the Court finds that exclusion of evidence of Rukli, Inc.'s alleged monopoly is warranted.

   3.   Defendants' Motion *in Limine* #3

Defendants move to exclude any evidence not disclosed during discovery pursuant to Rule 26, arguing that "all undisclosed or unprovided documents, witnesses, or evidence responsive to discovery responses shall not be allowed into trial" under Rule 37. D MIL 3 at 3.

In opposition, plaintiffs argue that defendants' third motion *in limine* fails to identify any specific documents or testimony that remain undisclosed. P Opp. 3 at 1. Furthermore, plaintiffs contend that they served their initial disclosures, unlike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

defendants, and discovery responses "well before" the cut-off date of July 16, 2025. Id. Plaintiffs assert that any "subsequently requested materials were produced by July 16, or the subject of good-faith reservations of [their] right to supplement." Id. Additionally, plaintiffs argue that any purported noncompliance was harmless under Rule 37 and thus not subject to automatic exclusion, because defendants "had full notice of the substance of [p]laintiffs' evidence through attachments to pleadings, depositions, meet-and-confers, early disclosures[,] and responses to discovery." Id. at 4. Finally, plaintiffs contend that a motion for sanctions, not a motion in limine, is the proper vehicle to enforce Rule 37. Id.

The Court cannot rule on defendants' third motion in limine without further details on the specific document or witness testimony that defendants seek to exclude. The Court therefore denies this motion without prejudice. Defendants may renew this motion by raising specific objections to evidence at trial, on the grounds that the specific piece of evidence or witness testimony was not previously disclosed.

    4.    Defendants' Motion in Limine #4

Defendants move to prohibit evidence from being used against all defendants at trial and instead request that the Court determine whether evidence is admissible on a defendant-by-defendant basis. D MIL 4 at 3. Defendants contend that plaintiffs have repeatedly asserted that defendants acted in "conspiracy," even though plaintiffs' claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") was dismissed with prejudice. Id. Defendants argue that it would be highly unfair and confusing to a jury to use a plea deal signed by one defendant to impeach, discredit, or as evidence of wrongdoing against another defendant. Id.

In opposition, plaintiffs argue that evidence of each defendant's wrongful acts is probative of concerted action, common scheme, motive, intent, and knowledge, and is therefore admissible under Rule 404(b). P Opp. 4 at 1. Plaintiffs contend that proof that one defendant entered a plea deal "makes it more likely" that other defendants shared a common scheme or agreement, acted with knowledge, and participated in a RICO-style enterprise. Id. Plaintiffs assert that defendants "incorrectly" argue that the dismissal of plaintiffs' RICO claim shows that no conspiracy occurred. Id. Plaintiffs argue that they are entitled to present evidence, if admissible, that defendants acted in concert. Id. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | August 11, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al v. City of Baldwin Park et al | | |

The Court finds that the alleged concerted action by defendants does not appear relevant to plaintiffs' fraud claim. As previously set forth by the Court, "[t]he elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). To state a claim for conspiracy to commit fraud, a plaintiff must allege facts showing that "each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common unlawful plan, and that one or more of them committed an overt act to further it." Choate v. County of Orange, 86 Cal. App. 312, 333 (2000). Here, plaintiffs only assert a claim for fraud in the TAC, not conspiracy to commit fraud. See TAC ¶¶ 368-402. Accordingly, one defendant's plea deal does not appear relevant to plaintiffs' claims against other defendants. Further, the Court finds that it would be highly prejudicial to admit evidence against all defendants that only pertains to one defendant. The Court therefore finds that, if portions of any plea deals are admitted under Rule 404(b) at trial, they must be admitted with an appropriate limiting instruction.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** plaintiffs' and defendants' motions. The Court **DENIES** plaintiffs' first motion *in limine* without prejudice. The Court **GRANTS** plaintiffs' second motion *in limine*, insofar as defendants seek to introduce testimony from expert witnesses not properly disclosed under Rule 26. The Court **DENIES** plaintiffs' third motion *in limine*. The Court **GRANTS** plaintiffs' fourth motion *in limine*, though the state court writ petition may be judicially noticed and used for appropriate cross-examination at trial.

The Court **GRANTS** defendants' first and second motions *in limine*. The Court **DENIES** defendants' third motion *in limine* without prejudice. The Court **GRANTS** defendants' fourth motion *in limine*.

IT IS SO ORDERED.

|  | 00 | : | 23 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |