UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 15, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) – DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 219, filed on August 29, 2025)

## I. INTRODUCTION & BACKGROUND

The background of this case is well-known to the parties and set forth in the Court's March 15, 2024 order. See dkt. 91. The Court briefly recites relevant procedural history below, though a comprehensive account is provided in the Court's March 11, 2025 order. See dkt. 146.

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a/ Tier One Consulting ("Tier One") and David Ju (collectively, "plaintiffs") initiated this action against defendants City of Baldwin Park (the "City"); Robert Nacionales Tafoya ("Tafoya"), former Baldwin Park City Attorney; Anthony Willoughby II ("Willoughby"), former Baldwin Park Deputy City Attorney; Ricardo Pacheco ("Pacheco"), former Baldwin Park City Council member; Isaac Galvan ("Galvan"), former Mayor of the City of Compton; Lourdes Morales ("Morales"), former Baldwin Park Deputy City Clerk; Manuel Lozano ("Lozano"), former Baldwin Park Mayor; and Does 1 through 50, inclusive. Dkt. 1.

On December 22, 2023, plaintiffs filed the operative third amended complaint (the "TAC"). Dkt. 70. The TAC names the same defendants and asserts claims for (1) writ of mandate against the City and request for preliminary injunction; (2) inverse condemnation/Fifth Amendment Takings Clause violation brought pursuant to 42 U.S.C. § 1983, as against all individual defendants except Galvan; (3) Monell liability pursuant to 42 U.S.C. § 1983, as against the City; (4) negligence, as against all defendants; (5) fraud, as against all defendants; and (6) a claim for declaratory relief. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 15, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

On January 18, 2024 and January 19, 2024, several defendants filed motions to dismiss the TAC and motions to strike paragraphs in the TAC. Dkts. 72-76. On March 15, 2024, the Court granted in part and denied in part these motions. Dkt. 91. The Court granted the motions to dismiss plaintiffs' claim for inverse condemnation and claim for Monell liability, with prejudice and retained supplemental jurisdiction over plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367. Id. The Court denied the motions to dismiss plaintiffs' claims for fraud against defendants Morales, Lozano, Pacheco, Willoughby, and the City. Id. The Court also denied the motion to dismiss plaintiffs' claim for negligence against the City. Id. The Court also dismissed plaintiffs' first claim for a writ of mandate against the City and request for a preliminary injunction without prejudice. Id. Finally, the Court reserved judgment on sanctions for decision at the conclusion of the case. Id.

On March 28, 2024, the City filed a cross-complaint against plaintiffs Tier One Consulting, David Ju, and Roes 1 through 10, inclusive. Dkt. 97. On April 4, 2024, the City filed the operative first Amended Counterclaim against plaintiffs. Dkt. 106. The City asserted four claims for relief: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud in the inducement of contract; and (4) unjust enrichment. Id. The City also requested a temporary restraining order and preliminary injunction prohibiting plaintiffs from the operation of commercial cannabis activity in the City of Baldwin Park, pending the resolution of this litigation. Id.

On April 25, 2024, plaintiffs filed a motion to dismiss the City's first Amended Counterclaim. Dkt. 111. On May 28, 2024, the Court denied plaintiffs' motion to dismiss the City's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, and the City's request for a TRO and preliminary injunction, and granted plaintiffs' motion to dismiss the City's claim against plaintiffs for fraudulently inducing the City to enter into a licensing contract with plaintiffs by making representations that plaintiffs would perform to the terms and conditions of the contract. Dkt. 121. The Court granted the City twenty-one days leave to amend its counterclaim, but the City did not file an amended counterclaim. Id.

On March 29, 2024, Willoughby filed a cross-complaint against plaintiffs Tier One, Ju, and Roes 1 through 50, which was amended on April 19, 2024. Dkts. 99, 108. On January 6, 2025, plaintiffs and Willoughby settled their claims against one another. Dkt. 134. On January 24, 2025, the Court ordered these claims dismissed. Dkts. 140, 141.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 15, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

On May 6, 2024, the Court held a scheduling conference with counsel for plaintiffs and defendants, and the Court issued a scheduling order in accordance with the dates proposed in plaintiffs' and defendants' joint Rule 26(f) report. Dkt. 115 ("Scheduling Order"). According to the Scheduling Order, the last day to file dispositive motions would be February 20, 2025. Id. Jury trial is set to begin on September 9, 2025. Dkt. 116.

On July 31, 2025, plaintiffs and defendants filed a joint proposed pretrial conference order. Dkt. 191. On August 20, 2025 and August 21, 2025, plaintiffs and defendants each filed portions of an amended pretrial conference order. Dkts. 211-1, 213. Plaintiffs' remaining claims are for negligence against defendant City of Baldwin Park and for fraud against individual defendants Tafoya, Pacheco, Galvan[1], Lozano, and Morales. Dkt. 211-1 at 4, 7. The City's remaining counterclaims against plaintiffs Tier One and Ju are for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Dkt. 213 at 4-6.

On August 29, 2025, defendants City, Tafoya, Pacheco, Lozano, and Morales (collectively, "defendants") filed a motion for judgment on the pleadings. Dkt. 219 ("Mot."). Defendants noticed a hearing for the instant motion on September 9, 2025, at 9:30 a.m., the time and date for the start of trial. Id. at 1. The Court finds that defendant's motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted

---

[1] It appears that defendant Galvan, whom plaintiffs assert a claim of fraud against, has not yet made an appearance in this case. The parties' initial proposed pretrial conference order and plaintiffs' portion of the proposed first amended pretrial conference order each state that "[Galvan] has been served and plaintiffs request a default to be entered as to [Galvan] at this time." Dkt. 191-1 at 3; dkt. 211-1 at 2. If plaintiffs wish to pursue a default judgment against Galvan, they must follow the procedures outlined in Federal Rule of Civil Procedure 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 15, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 15, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

### III.    DISCUSSION

Defendants move for judgment on the pleadings pursuant to Rule 12(c), arguing (1) that plaintiffs' negligence claim fails to allege a duty owed to plaintiffs or that the City breached such duty; (2) that plaintiffs fail to plead fraud against each defendant with specificity as required under Rule 9(b); and (3) that plaintiffs' claims are barred by the Development Agreement ("DA") between the City and plaintiffs. Mot. at 2.

Defendants filed the instant motion on August 29, 2025, just eleven days before the scheduled start of trial on September 9, 2025. Id. According to Rule 12(c), a motion for judgment on the pleadings may be made after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). The Court finds that defendants' motion is untimely. The instant motion is dispositive, and the last day to file dispositive motions was February 20, 2025. Scheduling Order at 1. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).

Defendants did not request that the Court modify the Scheduling Order. Regardless, the Court cannot find good cause for a modification or for defendants' delay in filing the instant motion. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "To establish diligence, [movant] must demonstrate 'that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference.'" Wolf v. Hewlett Packard Co., No. CV1501221BROGJSX, 2016 WL 8931307, at *5 (C.D. Cal. Apr. 18, 2016) (citation omitted). Here, the Court finds that defendants' failure to comply with the Scheduling Order is not a result of unforeseeable developments or information coming to light after the deadline for dispositive motions. Accordingly, the Court denies defendants' motion for judgment on the pleadings on the grounds that it is untimely according to Rule 12(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 15, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

## IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion for judgment on the pleadings.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |