UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTION TO DISQUALIFY
DAVID TORRES-SIEGRIST AS COUNSEL FOR PLAINTIFFS
DUE TO CONFLICT OF INTEREST (Dkt. 231, filed on September
11, 2025)

## I.   INTRODUCTION & BACKGROUND

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a Tier One Consulting and
David Ju (collectively, "plaintiffs") initiated this action against defendants City of
Baldwin Park (the "City"); Robert Nacionales Tafoya, former Baldwin Park City
Attorney, Anthony Willoughby II, former Baldwin Park Deputy City Attorney; Ricardo
Pacheco, former Baldwin Park City Council member; Isaac Galvan, former Mayor of the
City of Compton; Lourdes Morales, former Baldwin Park Deputy City Clerk; Manuel
Lozano, former Baldwin Park Mayor, and Does 1 through 50, inclusive.  Dkt. 1.

On March 28, 2024, defendant City of Baldwin Park ("the City") filed a cross-
complaint against plaintiffs.  Dkt. 97.  Following voluntary dismissal of one individual
defendant, dkt. 141, and motion practice that disposed of several of plaintiff's claims and
one of the City's counterclaims, see e.g., dkts. 66, 91, 121, the Court held a jury trial on
plaintiffs' and the City's remaining claims and counterclaims beginning on September 9,
2025.  See dkt. 223.

On September 11, 2025, at the end of the third day of trial, the City and remaining
individual defendants (collectively, "defendants") filed the instant motion for the Court to
disqualify plaintiffs' counsel, David Torres-Siegrist, due to conflict of interest.  Dkt. 231
("Mot.").  On September 12, 2025, plaintiffs filed their opposition to defendants' motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Dkt. 232 ("Opp."). On September 18, 2025, defendants filed a reply in support of the motion. Dkt. 243 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

"Whether an attorney should be disqualified is a matter addressed to the sound discretion of the trial court. In exercising that discretion, the trial court is required to make a reasoned judgment which complies with the legal principles and policies applicable to the issue at hand." Henriksen v. Great Am. Sav. & Loan, 11 Cal. App. 4th 109, 113 (1992) (citations omitted); see also Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980) ("The primary responsibility for controlling the conduct of lawyers practicing before the district court rests with that court."). "Because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue." In re Cty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000) (citation omitted).

In the Central District, "California law governs questions of conflicts of interest and disqualification." Radcliffe v. Hernandez, 818 F.3d 537, 541 (9th Cir. 2016). The Central District has adopted California's State Bar Act and Rules of Professional Conduct ("RPC") and requires attorneys practicing in the Central District to be familiar with these applicable standards of professional conduct. See Local Rule 83-3.1.2.

"Because motions to disqualify are often tactically motivated, they are strongly disfavored and are subjected to 'particularly strict judicial scrutiny.'" S.E.C. v. King Chuen Tang, 831 F. Supp. 2d 1130, 1142 (N.D. Cal. 2011) (quoting Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd., 760 F.2d 1045, 1050 (9th Cir.1985)).

"Depending on the circumstances, a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1145 (1999). "Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility. The paramount concern, though, must be the preservation of public trust in the scrupulous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|----------|------------------------|------|--------------------|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

administration of justice and the integrity of the bar.  The recognized and important right to counsel of one's choosing must yield to considerations of ethics that run to the very integrity of our judicial process."  Id. (citations omitted).

California RPC 1.9 addresses the ongoing duty of confidentiality and loyalty that an attorney owes his former clients.  It provides that:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

  (1) whose interests are materially adverse to that person; and

  (2) about whom the lawyer had acquired information protected by Business and Professions Code section 6068, subdivision (e) and rules 1.6 and 1.9(c) that is material to the matter;

  unless the former client gives-informed written consent.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

  (1) use information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client to the disadvantage of the former client except as these rules or the State Bar Act would permit with respect to a current client, or when the information has become generally known; or

  (2) reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

representation of the former client except as these rules or the State Bar Act permit with respect to a current client.

Cal. RPC 1.9 Duties to Former Clients (effective November 1, 2018).

### III.   DISCUSSION

Defendants assert that Torres-Siegrist should be disqualified from representing plaintiffs because he violated his duties of loyalty and confidentiality to current and former clients and a duty of candor to the Court. Mot. at 3. However, defendants' motion and reply do not allege any violations of Torres-Siegrist's duties of loyalty and confidentiality to his current clients or Torres-Siegrist's duty of candor to the Court. See generally Mot. and Reply. Instead, defendants only argue that Torres-Siegrist violated his duties of confidentiality and loyalty to a former client, the City. Id.

As an initial matter, there is no basis to find that Torres-Siegrist violated any duties of loyalty or confidentiality to his current clients or any duty of candor to the Court. Therefore, the Court first addresses whether Torres-Siegrist violated any duty to the City as a former client. Second, the Court addresses whether it can be deemed that the City waived its objection to Torres-Siegrist's representation of plaintiffs.

### A.   Whether Torres-Siegrist Violated a Duty to a Former Client

Torres-Siegrist formerly represented the City, as a partner of the firm Carpenter, Rothans and Dumont (the "firm"), which represented the City in various lawsuits while Torres-Siegrist was at the firm. Mot at 4. Defendants argue that Torres-Siegrist's representation of plaintiffs in the instant litigation violates his ongoing duties of confidentiality and loyalty to the City pursuant to California RPC 1.9. Id. When defendants first raised this issue before the Court, on September 11, 2025, Torres-Siegrist asserted that he represented the City in unrelated police litigation defense matters. Id. Defendants argue that Torres-Siegrist's former representation of the City is related to the issues in this case because: "(1) the police department is part of the City, not a distinct entity; (2) the police department was one of many City departments involved in the City's commercial cannabis program, including reviewing the development agreements at the core of this matter, and (3) in the capacity as litigation defense counsel, Mr. Torres-Siegrist obtained confidential information and became intimately familiar with the innerworkings of [the City] related to liability insurance coverage for [the City], its policies, procedures, rules, regulations and insurance defense matters; he learned how

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

and when City Council Agendas are posted, he attended Closed Session Meetings to update the City Council on the status of litigation, and he learned how City Council meeting minutes are maintained at the [City] and how the City Council monitors litigation matters." Id.

In opposition, plaintiffs argue that Torres-Siegrist did not violate any of his duties to the City because Torres-Siegrist's representation of plaintiffs in this negligence and fraud case arising out of the City's commercial cannabis program and the private sale of Tier One Consulting is not "substantially related" to the police officer excessive force cases that Torres-Siegrist participated in as counsel for the City. Opp. at 5. Plaintiffs argue that Torres-Siegrist's prior representation of the City "was focused on defending the police department and its peace officers relating to fourth amendment violations involving Civil Rights." Id. at 6. According to plaintiffs, nothing in Torres-Siegrist's prior representation of the City is at issue in the instant litigation dealing with the City's commercial cannabis program, which did not exist in the City until 2017. Id. at 6-7. Plaintiffs also dispute defendants' contention that Torres-Siegrist obtained confidential information because the City, as a public entity, is governed by the Brown Act for purposes of transparency, and Torres-Siegrist "never had access to confidential matter, particularly any that would be at issue in this case." Id. at 4.

In reply, defendants argue that the duty of confidentiality embodied in RPC 1.9(c) does not have a "substantially related" requirement. Reply at 2. Defendants argue that pursuant to RPC 1.9(c), an attorney is barred from using any confidential information acquired by virtue of the representation of the former client to the disadvantage of the former client. Id. Defendants contend that information that is publicly available can still be subject to the duty of confidentiality. Id. at 3 (citing Elijah W. v. Superior Court, 216 Cal. App. 4th 140, 151 (2013)). Furthermore, defendants argue that Torres-Siegrist attended closed meetings with City directors, staff, and council members where he developed an understanding of the various functions, operations, and innerworkings of the City, which defendants argue "doubtlessly guided his litigation strategy in this matter." Id. at 3, 6. Defendants also argue that the instant litigation is "substantially related" to the matters for which Torres-Siegrist formerly represented the City because the confidential information that Torres-Siegrist obtained by virtue of his representation of the City is material to the instant litigation. Id. at 3 (citing Cal. RPC 1.9, comment [3]). Defendants point to Torres-Siegrist's interactions and disputes with then-City Attorney Tafoya during the time that Torres-Siegrist represented the City, as evidence of the substantial relation between matters. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

The Court finds that defendants have not demonstrated that Torres-Siegrist violated his duties to the City pursuant to RPC 1.9.  RPC 1.9 establishes two duties that a lawyer owes to a former client:

> The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which the lawyer represented the former client, or (ii) at any time use against the former client knowledge or information acquired by virtue of the previous relationship.

Cal. RPC 1.9, comment [1] (citing Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811 (2011); Wutchumna Water Co. v. Bailey, 216 Cal. 564 (1932)).

Torres-Siegrist has not represented the City since he departed his former firm in July 2015.  Dkt. 232-1, Decl. of David G. Torres-Siegrist, Esq. ¶¶ 3-5.  The City's commercial cannabis program and the Development Agreement at the center of plaintiffs' claims of fraud and negligence did not exist until 2017.  Id. at ¶ 18.  Thus, it is indisputable that the police-related matters for which Torres-Siegrist formerly represented the City are not the same as the instant litigation.  Therefore, the Court must determine whether there is a substantial relationship between the instant litigation and Torres-Siegrist's former representation of the City. See Storz Mgmt. Co. v. Carey, 526 F. Supp. 3d 747, 755 (E.D. Cal. 2021) ("Courts utilize the 'substantial relationship' test to determine whether disqualification is necessary when 'two cases involve different parties and/or different incidents.'") (quoting In re Cnty. of Los Angeles, 223 F.3d at 994).

Here, the Court is not persuaded by defendant's arguments that the matters are substantially related.  A substantial relationship exists "when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues."  Jessen v. Hartford Cas. Ins. Co., 111 Cal. App. 4th 698, 713 (2003).  The factual and legal issues of Torres-Siegrist's representation of the City in matters related to the Baldwin Park Police Department appear to be wholly distinct from the factual and legal issues of the instant litigation.  The Court finds that the police department's involvement in the cannabis program is not related to any factual or legal issues in plaintiffs' fraud and negligence claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | | Date | September 22, 2025 |
|---|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | | |

While RPC 1.9(c) does not require a substantial relationship, it prohibits the use or disclosure of confidential information against a former client, except "when the information has become generally known." Cal. RPC 1.9(c)(1). Even if the Court assumes that Torres-Siegrist obtained some confidential information during his representation of the City, defendants have not demonstrated that he used or disclosed any non-public, confidential information against the City in the instant litigation. The Court is not persuaded that Torres-Siegrist's familiarity with the publicly available procedures, rules, and regulations of the City can form the basis of a violation of RPC 1.6 or 1.9(c). See generally Rest.3d Law Governing Lawyers § 59 (2000) ("Confidential client information does not include information that is generally known. Such information may be employed by [a] lawyer who possesses it in permissibly representing other clients."). Furthermore, defendants have offered no evidence to show that Torres-Siegrist actually used or disclosed any confidential information related to the City's liability insurance coverage or derived from conversations with then-City Attorney Tafoya against defendants in the instant litigation.

Accordingly, the Court declines to disqualify Torres-Siegrist based on a conflict of interest related to his prior representation of the City.

**B.    Whether the Circumstances and Timing of the City's Motion Should be Deemed a Waiver**

Defendants argue that the City brought this motion as soon as it became aware of the conflict. Mot. at 5. Defendants assert that the former Chief Executive Officer of the City, Enrique Zaldivar, learned of the alleged conflict of interest in 2023 and terminated the City's relationship with Torres-Siegrist's former firm as a result. Id. at 5; dkt. 231, Decl. of Julia Sylva ¶ 12. Defendants further assert that defendant Tafoya did not inform his successor as City Attorney of the alleged conflict because Tafoya incorrectly assumed that there was no conflict. Id. at 5. Defendants assert that their current counsel, Julia Sylva, learned for the first time from Tafoya on September 10, 2025, of the circumstances that constitute the alleged conflict. Dkt. 231, Decl. of Julia Sylva ¶ 3. Defendants argue that the conflict was brought to the Court's attention as soon as someone knowledgeable knew "that the conflict exists, that it is not waived, and that it is always timely to raise the conflict of interest." Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

In opposition, plaintiffs argue that defendants' decision to wait until the eve of plaintiffs' resting their case at trial to bring this motion to disqualify plaintiffs' counsel is indefensible, and that the delay should be deemed a waiver of the equitable remedy of disqualification. Opp. at 7-8. Plaintiffs argue that defendants knew of the alleged conflict "for over two years of litigation, through extensive discovery, pretrial motions, and up to the brink of the case going to the jury." Id. at 8. Furthermore, plaintiffs argue that defense counsel's claim of late discovery underscores a failure to communicate with her clients rather than a legitimate basis for disqualification. Id. at 7.

In reply, defendants argue that the timing of the instant motion was driven by circumstances, not gamesmanship. Reply at 4. Defendants argue that their counsel acted expeditiously to raise the issue as soon as Tafoya informed her of Torres-Siegrist's prior representation of the City. Id. at 4-5. Defendants argue that it was the ethical duty of Torres-Siegrist to bring this matter to the attention of the City. Id. at 5.

"It is well settled that a former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right." Tr. Corp. of Montana v. Piper Aircraft Corp., 701 F.2d 85, 87 (9th Cir. 1983). If the party opposing the motion can demonstrate unreasonable delay in bringing the motion and prejudice to the present client, the "burden then shifts back to the party seeking disqualification to justify the delay." River W., Inc. v. Nickel, 188 Cal. App. 3d 1297, 1309 (1987)).

First, the Court finds that plaintiffs have demonstrated unreasonable delay and prejudice in bringing this motion more than two and a half years after the initial complaint was filed and after the third day of the jury trial had concluded. See Gentry v. State Farm Mut. Auto. Ins. Co., No. CIVS090671LKKGGH, 2009 WL 10693206, at *5-6 (E.D. Cal. Sept. 4, 2009) (discussing findings of unreasonable delay in various cases).

Second, the Court finds that defendants have not justified the delay. The party seeking disqualification should address: "(1) how long it has known of the potential conflict; (2) whether it has been represented by counsel since it has known of the potential conflict; (3) whether anyone prevented the moving party from making the motion earlier, and if so, under what circumstances; and (4) whether an earlier motion to disqualify would have been inappropriate or futile and why." River W., Inc. v. Nickel, 188 Cal. App. 3d 1297, 1309 (1987). Here, defendants admit that the City and Tafoya knew of the potential conflict as early as 2023. See Opp. at 5; dkt. 243, Decl. of Robert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | September 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Tafoya ¶ 14.  It is immaterial that defendants' counsel only learned from her clients of the circumstances constituting a potential conflict during trial.  Furthermore, it is not disputed that the City and Tafoya were represented by counsel since the time that they have known of the potential conflict.  Defendants' explanation for why this motion was not brought earlier is "simply because no one at the City informed counsel of Mr. Torres-Siegrist's prior representation."  Reply at 4.  This communication failure does not justify the unreasonable delay.

Accordingly, the Court concludes that even if there was a conflict based on Torres-Siegrist's former representation of the City, defendants impliedly waived their objections to such conflict because their delay in bringing the motion to disqualify is unreasonable and prejudices plaintiffs.

## IV.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** with prejudice defendants' motion to disqualify Torres-Siegrist as counsel for plaintiffs.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |