UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | | Date | December 22, 2025 |
|---|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Robin Herrera | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Torres-Siegrist | Julia Sylva |

**Proceedings:**          ZOOM HEARING RE:

PLAINTIFFS' MOTION FOR RECONSIDERATION OR ALTERNATIVELY FOR NEW TRIAL (Dkt. 266, filed on November 20, 2025)

PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST AGAINST DEFENDANT ROBERT TAFOYA (Dkt. 265, filed on November 20, 2025)

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (Dkt. 263, filed on November 17, 2025)

DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND SANCTIONS (Dkt. 264, filed on November 24, 2025)

## I.    INTRODUCTION & BACKGROUND

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a/ Tier One Consulting ("Tier One") and David Ju (collectively, "plaintiffs") initiated this action against defendants City of Baldwin Park (the "City"); Robert Nacionales Tafoya ("Tafoya"), former Baldwin Park City Attorney; Anthony Willoughby II ("Willoughby"), former Baldwin Park Deputy City Attorney; Ricardo Pacheco ("Pacheco"), former Baldwin Park City Council member; Isaac Galvan ("Galvan"), former Mayor of the City of Compton;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Lourdes Morales ("Morales"), former Baldwin Park Deputy City Clerk; Manuel Lozano ("Lozano"), former Baldwin Park Mayor; and Does 1 through 50, inclusive. Dkt. 1.

On March 28, 2024, the City filed a cross-complaint against plaintiffs. Dkt. 97. On January 24, 2025, Willoughby was dismissed with prejudice pursuant to a stipulation of voluntary dismissal by plaintiffs and Willoughby. Dkt. 141. The Court dismissed several of plaintiff's claims and one of the City's counterclaims. See e.g., dkts. 66, 91, 121.

The Court held a jury trial on the remaining claims and counterclaims beginning on September 9, 2025. See dkt. 224. Plaintiffs' claims at trial were: (a) negligence against the City under a theory of negligent hiring, retention, and/or supervision of Tafoya as City Attorney; and (b) fraud against individual defendants Tafoya, Pacheco, and Lozano.[1] Id. at 5, 11. The City's counterclaims against plaintiffs were for breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment.[2] Id. at 32.

The alleged facts of this case are well-known to the parties and set forth in the Court's March 15, 2024 order. Dkt. 91. No party moved for summary judgment, and there are no jointly stipulated facts in the pre-trial or trial record.

The trial commenced on September 9, 2025, and thereafter trial was held on September 10, September 11, September 12, and September 16. At the close of plaintiffs' opening statement and before the case was submitted to the jury, defendants orally moved for judgment as a matter of law on all claims pursuant to Federal Rule of Civil Procedure 50(a). See Trial Tr. (Sept. 9, 2025; Sept. 11, 2025; Sept. 16, 1025). Defendants moved for judgment as a matter of law on the same grounds as defendants' motion for judgment on the pleadings, dkt. 219, which the Court denied as untimely, dkt. 235. See Trial Tr. (Sept. 9, 2025). The Court deemed defendants' Rule 50(a) motion timely made and reserved judgment. Id.

The jury returned a verdict finding for plaintiffs on their claims of fraud against defendants Lozano, Tafoya, and Pacheco, and awarded plaintiffs $1,600,000 in damages.

---

[1] The Clerk entered a default as to defendant Galvan on September 10, 2025. Dkt. 227. Plaintiffs voluntarily dismissed their claim against defendant Morales during trial. See Trial Tr. (Sept. 9, 2025).

[2] The City voluntarily dismissed its counterclaims for breach of covenant of good faith and fair dealing and for unjust enrichment at trial. See Trial Tr. (Sept. 16, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|----------|------------------------|------|-------------------|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Dkt. 240 ("Verdict Form") at 2-4. The jury also found for plaintiffs on their claim of negligence against the City and awarded plaintiffs an additional $290,000 in damages. Id. at 5. The jury found for plaintiffs on the City's counterclaim for breach of contract. Id.

On October 6, 2025, defendants filed a renewed motion for judgment as a matter of law. Dkt. 253. Plaintiffs filed an opposition on October 13, 2025. Dkt. 254. Defendants filed a reply on October 20, 2025. Dkt. 258. On November 3, 2025, following a hearing, the Court granted in part and denied in part defendants' motion for judgment as a matter of law. Dkt. 260 ("JMOL"). The Court granted judgment as a matter of law for the City on plaintiffs' claims of negligent hiring and negligent supervision against the City. Id. at 22. The Court also granted judgment as a matter of law for defendants Lozano and Pacheco on plaintiffs' claims of fraud against them. Id. The Court denied defendants' motion for judgment as a matter of law as to plaintiffs' claim of fraud against defendant Tafoya. Id. On November 6, 2025, the Court entered final judgment in accordance with the jury's verdict and the Court's order on judgment as a matter of law. Dkt. 261.

On November 17, 2025, plaintiffs filed a motion for attorneys' fees. Dkt. 263. On November 20, 2025, defendants filed a motion for attorneys' fees and sanctions. Dkt. 264. On December 1, 2025, plaintiffs and defendants each filed an opposition to the other's motion for attorneys' fees. Dkts. 268, 270.[3] On December 8, 2025, plaintiffs filed a reply. Dkt. 275. On December 10, 2025, defendants filed a reply. Dkt. 278.

On November 20, 2025, plaintiffs filed a motion for prejudgment interest against defendant Tafoya. Dkt. 265. An opposition was due December 1, 2025. L.R. 7-9. On December 8, 2025, plaintiffs filed a notice of non-receipt of defendants' opposition to plaintiffs' motion. Dkt. 276. To this date, defendants have not filed an opposition.

On November 20, 2025, plaintiffs filed a motion for reconsideration of the Court's order on judgment as a matter of law or alternatively for a new trial pursuant to Fed. R. Civ. P. 59(a). Dkt. 266 ("Mot."). On December 1, 2025, defendants filed an opposition. Dkt. 269 ("Opp."). On December 8, 2025, plaintiffs filed a reply. Dkt. 274 ("Reply").

---

[3] On December 5, 2025, defendants filed a second opposition to plaintiffs' motion for attorneys' fees. Dkt. 271. This filing was late and appears to be substantially similar to defendants' timely-filed opposition. L.R. 7-9. Accordingly, the Court does not consider the late-filed opposition. L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

On December 22, 2025, the Court held a hearing on the four pending motions. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Motion for Reconsideration

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law. However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs." Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

In addition, in the Central District of California, Local Rule 7-18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18. "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." Lorenzo Vargas v. City of Los Angeles, No. 2:16-cv-08684-SVW-AFM, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original); see also Chikosi v. Gallagher, 611 Fed. Appx. 429, 430 (9th Cir. 2015) (affirming denial of motion for reconsideration for failure to comply with L.R. 7-18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); see also United States v. Mark, 795 F.3d 1102, 1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of discretion).

### B.    Motion for a New Trial

Federal Rule of Civil Procedure 59 provides that a court may, after a jury trial, "grant a new trial on all or some of the issues—and to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A district court must grant a complete new trial "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." Gasoline Prods. Co. v. Champlin Ref. Co., 283 U.S. 494, 500 (1931).

A district court "may grant a new trial only if the verdict is against the clear weight of the evidence, and may not grant it simply because the court would have arrived at a different verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir.2002). Generally, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Wright & Miller, et al., *Federal Practice & Procedure* § 2803 (3d ed.2015). A court should, however, grant a new trial where necessary "to prevent a miscarriage of justice." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir.2007).

A trial court's decision whether to grant a new trial is reviewed for abuse of discretion. Pavao, 307 F.3d at 918. The Ninth Circuit may reverse the denial of such a motion only "if the record contains no evidence in support of the verdict" or the court "has made a mistake of law." Molski, 481 F.3d at 729 (internal quotation marks and citations omitted).

### C.    Motion for Prejudgment Interest

"In diversity cases, state law governs the award of prejudgment interest." Davis & Cox v. Summa Corp., 751 F.2d 1507, 1522 (9th Cir. 1985). Under California law, prejudgment interest is recoverable in any action in which damages are "certain, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

capable of being made certain by calculation" and the "right to recover . . . is vested in the [plaintiff] upon a particular day." Cal. Civ. Code § 3287(a). The test for determining certainty under § 3287(a) is "whether defendant actually knows the amount owed or from reasonably available information could . . . have computed that amount." Roodenburg v. Pavestone Co., L.P., 171 Cal. App. 4th 185, 191 (2009).

State law also controls the rate of prejudgment interest in diversity actions. Northrop Corp. v. Triad Int'l Mktg., S.A., 842 F.2d 1154, 1155 (9th Cir. 1988) (per curiam). The prejudgment interest rate in California is seven percent per year. Cal. Civ. Code § 3287(c); Cal. Const., art. XV, § 1.

### D.    Motion for Attorneys' Fees

Federal Rule of Civil Procedure 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." Id. at 1281 (quoting Abrams v. Lightolier, Inc., 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such award." Abrams, 50 F.3d at 1224. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

When a district court "exercis[es] its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Commc'ns, 197 F.3d at 1281 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 n.31 (1975)). California has codified the American Rule in Code of Civil Procedure Section 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Code Civ. Proc. § 1021; see Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1143-44 (1998) (explaining that Section 1021 codifies the rule that "each party to a lawsuit must ordinarily pay his or her own attorney's fees"). The freedom to contract out of the American Rule is limited by California Civil Code Section 1717, which provides in part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). "[S]ection 1717 was originally enacted to limit the ability of a dominant contracting party to provide for a right to attorney's fees on only one side of an agreement." Sears, 60 Cal. App. 4th at 1144. Accordingly, "[i]f the contract provides for fees at all, then the prevailing party may recover them, even if the contract purports to specify only one of the parties as eligible." 7 Witkin, California Procedure, Judgment § 165 (5th ed. 2008). "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." Windsor Pac. LLC v. Samwood Co., Inc., 213 Cal. App. 4th 263, 273 (2013).

Parties may also contractually agree to award attorneys' fees for tort actions, along with claims arising under contract. "There is nothing in [Section 1021] that limits its application to contract actions alone. It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." Xuereb v. Marcus & Millichap, Inc., 3 Cal. App. 4th 1338, 1341 (1992). Whether an attorneys' fee provision applies to tort actions, in addition to contract claims, depends on the breadth of the attorneys' fees provision. See Johnson v. Siegel, 84 Cal. App. 4th 1087, 1101 (2000); Lerner v. Ward, 13 Cal. App. 4th 155, 160 (1993) ("[T]he clause in the contract concerning attorney fees was . . . not limited merely to an action on the contract, but to any action or proceeding arising out of the agreement. This included any action for fraud arising out of that agreement.").

### E.    Motion for Sanctions

#### 1.    Sanctions Pursuant to the Court's Inherent Power

The district courts have "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Sanctions pursuant to the Court's inherent authority "are available for a variety of types of willful actions, including recklessness when combined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994. However, these sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id.

"For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." Id. at 992 (internal quotation marks and citations omitted). A court may assess attorneys' fees pursuant to its inherent power when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44.

    2.    Sanctions Pursuant to 28 U.S.C. § 1927 ("Section 1927")

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[D]amages under section 1927 are appropriate where there is no obvious violation of the technical rules, but where, within the rules, the proceeding is conducted in bad faith for the purposes of delay or increasing costs." Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986). The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996).

Before they can be imposed, Section 1927 sanctions "must be supported by a finding of subjective bad faith." Id. at 436 (quoting New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)). Subjective "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Id. (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986)). Put differently, "[f]or sanctions to apply [under Section 1927], if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." Id. "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." New Alaska, 869

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

F.2d at 1306 (internal citations omitted). Indeed, "[e]ven if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith." Id. (citation omitted).

The decision to sanction a party under Section 1927 rests in the sound discretion of the district court. Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir. 1990) (noting district court's award of sanctions pursuant to Section 1927 is reviewed for abuse of discretion); see also MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1121 (9th Cir. 1991) (holding district court abused its discretion by awarding Section 1927 sanctions); Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1996) (holding district court abused its discretion by *not* awarding Section 1927 sanctions where attorney's conduct—i.e., his "intentional disregard" of his clients' "express instructions" to be dismissed from the suit and his "continued insistence that he represented persons who he was not authorized to represent"—were "reckless as a matter of law"). Moreover, Section 1927 sanctions must be tailored to the particular challenged conduct. See, e.g., United States v. Blodgett, 709 F.2d 608, 610-11 (9th Cir. 1983) ("Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct.").

3.      Sanctions Pursuant to Federal Rule of Civil Procedure 11

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b).

The imposition of sanctions is a matter within the discretion of the court. Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . ." Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

## III.   DISCUSSION

### A.   Motion for Reconsideration or Alternatively a New Trial

Plaintiffs argue that reconsideration of the Court's order on judgment as a matter of law, or in the alternative a new trial, is warranted on the grounds that: (1) the Court's reliance on California Government Code statutory immunities was error; and (2) the Court's exclusion of highly probative evidence of the corruption scheme—specifically, the plea agreements and felony convictions of defendants Tafoya and Pacheco—was prejudicial error. Mot. at 1-2. The Court addresses each potential ground for reconsideration, or alternatively a new trial, in turn.

#### 1.   California Statutory Immunities

Plaintiffs argue that under California law, statutory immunities are affirmative defenses that must be pleaded or proved by the public entity and that they are not jurisdictional bars. Mot. at 3. Plaintiffs argue the California Supreme Court has made this clear.[4] Id. Plaintiffs argue that California Government Code immunities do not deprive courts of jurisdiction but operate as defenses to liability, subject to waiver if not timely asserted. Id. Plaintiffs argue that under federal law, a defendant's failure to plead

---

[4] Plaintiffs cite to a case that does not exist: <u>Merrill v. County of Madera</u>, 39 Cal. 3d 354, 360 (1985). <u>Merrill v. County of Madera</u>, No. 1:05-CV-0195-AWI-SMS (E.D. Cal.) is a federal court case, filed in 2005, and the Court does not find any order in that case which includes the quote, "public entity immunity is an affirmative defense which must be pleaded and proved by the defendant." <u>Michelle W. v. Ronald W.</u>, 39 Cal. 3d 354 (1985) is a California Supreme Court opinion that is unrelated to any issue raised in the brief. Plaintiffs also quote <u>State v. Superior Court (Bodde)</u>, 32 Cal. 4th 1234, 1239 (2004) for the rule: "[t]he burden is on the public entity to affirmatively plead and prove entitlement to immunity." This purported quote does not appear in that decision. The Court has serious concerns that several of plaintiffs' authorities are miscited or misquoted. At the hearing, counsel for plaintiffs apologized for the errors, stated that he only used Lexis for research, and could not explain how the inappropriate quotations and citation occurred. Counsel for defendants argued that sanctions should be imposed. The Court declines to issue Rule 11 sanctions at the first instance but admonishes counsel that any future misrepresentations or misleading representations to the Court would be sanctionable pursuant to Fed. R. Civ. P. 11(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

an affirmative defense likewise results in waiver.[5] Id.  Plaintiffs argue that defendants' answer, dkt. 96, is devoid of any reference to specific statutory immunities, and defendants never gave plaintiffs or the Court fair notice that they would rely on these particular immunities to defeat liability.  Mot. at 3.  Plaintiffs further argue that the Amended Pretrial Conference Order, dkt. 224, superseded the pleadings and contains no immunity issue.  Mot. at 4.  Plaintiffs argue that any Government Code immunity not included in the pretrial conference order was forfeited, and defendants' effort to resurrect those defenses after verdict via a Rule 50(b) motion conflicts with Rule 16 and Ninth Circuit precedent.  Id.  Plaintiffs argue that the Court's acceptance of late-asserted defenses was prejudicial and warrants reconsideration, or at a minimum, a new trial.  Id. at 5.

In opposition, defendants argue that the City asserted reliance on the Government Claims Act as a defense in its verified answer, dkt. 29, and in its motion for judgment on the pleadings, dkt. 219, and therefore, it was not waived.  Opp. at 3-4.  Defendants argue that in the event that the Court deems that the City did not adequately assert the Government Claims Act as an affirmative defense, then defendants may rely on Rule 16, where the Court may exercise its discretion to modify the pretrial order to prevent manifest injustice when plaintiffs are not severely prejudiced.  Id. at 4.  Defendants argue that a pretrial order should be "liberally construed to permit evidence and theories at trial that can fairly be said to be embraced within its language."  Id. (quoting United States v. First Nat. Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981)).  Defendants argue that there is no prejudice to plaintiffs, and it would be manifest injustice to deem the immunities waived.  Opp. at 7.  Defendants also argue that plaintiffs fail to acknowledge that they lost their negligence claim against the City because there was no special relationship, and plaintiffs did not assert a claim for vicarious liability.  Id. at 7-8.

In reply, plaintiffs argue that defendants' opposition confirms the Government Claims Act defense was waived because the generic reference to the Government Claims Act in the City's answer was not enough to preserve all Government Claims Act issues through trial.  Reply at 1.  Plaintiffs argue that, even accepting defendants' description of their affirmative defense in the City's answer, defendants cannot show that the

---

[5] Plaintiffs quote Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979), for the statement: "[A] defendant's failure to plead an affirmative defense in the answer results in waiver and its exclusion from the case."  This statement does not appear in Wyshak.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|----------|------------------------|------|-------------------|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Government Claims Act was identified as a triable issue in the pretrial conference order, was the subject of any discovery plan, pretrial contentions or pretrial briefing on jury instructions, or appeared in any jury instruction or verdict form presented to the jury on plaintiffs' negligence claim.  Id. at 2.  Plaintiffs argue that the pretrial conference order supersedes prior pleadings, and issues not preserved are ordinarily deemed waived.  Id.  Plaintiffs argue that a defense that would defeat a claim at the outset must be raised and resolved at a time when the plaintiff can reach by amending, pursuing alternative theories, or altering trial strategy—not after the verdict has been rendered.  Id.  Plaintiffs argue that Rule 16 does not allow post-trial resurrection of unpled or unpreserved defenses.  Id. at 3.  Plaintiffs also contend that their negligence theory was timely and fairly encompassed both direct and vicarious liability.  Id. at 5-7.  Plaintiffs argue that if the Court's ruling on judgment as a matter of law was premised on a conclusion that plaintiffs never presented a vicarious liability theory at all, plaintiffs request that the Court reconsider its conclusion in light of the record and the liberal pleading and notice standards under Rule 8.  Id. at 7.

The Court denies plaintiffs' motion for reconsideration on the grounds that the Court erred in relying on California Government Claims Act immunities.  First, plaintiffs' motion for reconsideration does not identify a proper ground for reconsideration pursuant to Local Rule 7-18.  Instead, plaintiffs reassert the arguments that plaintiffs' counsel made at the hearing on defendants' renewed motion for judgment as a matter of law on November 3, 2025.  The local rules do not permit such re-litigation on a motion for reconsideration.  See C.D. Cal. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n. 5, 128 S. Ct. 2605, 2617, 171 L. Ed. 2d 570 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995)) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.').  The Court considered and addressed plaintiffs' arguments regarding waiver of affirmative defenses relating to statutory immunities in its order on judgment as a matter of law.  JMOL at 5-6, 7 n.4, 21.  The Court also denies plaintiff's motion to the extent that it separately requests the Court to grant a new trial pursuant to Rule 59(a), based on the alleged legal error of the Court relying on California Government Claims Act immunities in its decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

The Court did not rely on any statutory immunities in reaching its judgment as a matter of law. As to plaintiffs' claim of negligence against the City, the Court found that the City could not be held directly liable for negligence because public entity liability is exclusively statutory and there is no statutory basis for a direct negligence claim against the City. JMOL at 5 (citing Cal. Gov't Code § 815; Quigley v. Garden Valley Fire Prot. Dist., 7 Cal. 5th 798, 803 (Cal. 2019)). While plaintiffs acknowledged in their opposition to defendant's motion for judgment as a matter of law, dkt. 254 at 6, that there is "no *direct* common-law negligent hiring liability" against the City, plaintiffs now appear to contend that public entity "immunity" from common-law liability pursuant to Cal. Gov't Code § 815 is an affirmative defense that may be waived. Mot at 1. But the latter contention is contrary to the law, as the Court explained in its order on judgment as a matter of law:

> Plaintiffs are correct that "immunities under the California Government Claims Act, Cal. Gov. Code § 810, *et seq.*, are affirmative defenses to liability that may be forfeited if not timely raised." Est. of Stanley v. City of San Jose, No. 22-CV-03000-VKD, 2023 WL 8879264, at *11 (N.D. Cal. Dec. 22, 2023) (citing Quigley, 7 Cal.5th 798). However, there are no immunities at issue with respect to the direct negligence claim against the City. The City cannot waive the requirement that there must be a statutory basis for liability. Cal. Gov't Code § 815; see also Davidson v. City of Westminster, 32 Cal. 3d 197, 201-02 (Cal. 1982) ("Conceptually, the question of the applicability of a statutory immunity does not even arise until it is determined that a defendant otherwise owes a duty of care to the plaintiff and thus would be liable in the absence of such immunity."); California Government Tort Liability Practice §1.13 (4th ed. Cal. CEB 2025) ("However, the general rule of Govt C §815(b) that statutory liabilities are subject to applicable statutory immunities is itself qualified by the introductory words of Govt C §815: 'Except as otherwise provided by statute: … .'"); see e.g., Quigley, 7 Cal.5th at 804 (finding that § 835(a) provided a statutory basis for liability and § 850.4 established an immunity to such liability).

JMOL at 6. Thus, the Court's legal finding is not based on any affirmative defense that must be pleaded or preserved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Plaintiffs' argument that they timely raised a vicarious liability theory, for which there would be a statutory basis for liability of a public entity under Cal. Gov't Code § 815.2, likewise, is not grounds for reconsidering or altering the Court's judgment. The Court previously addressed plaintiffs' vicarious liability theory, finding that the jury was not properly instructed to find individual liability of any City employee for negligence, which is a prerequisite for a finding of vicarious liability against the City. JMOL at 7. Thus, plaintiffs failed to prove a vicarious liability theory at trial.[6] Furthermore, the Court found that even if the jury had been properly instructed and had made a finding of vicarious liability, plaintiffs' vicarious liability claim against the City fails as a matter of law because there is no "special relationship" between City employees and plaintiffs that would give rise to an affirmative duty to protect. Id. at 7-9. "Therefore, on the facts of this case, plaintiff would have no right to relief against an individual City employee or councilmember for negligence, and thus no claim of vicarious liability against the City pursuant to § 815.2 for negligence." Id. at 9. In reaching this conclusion, the Court did not consider any statutory immunities to individual liability under the California Government Claims Act, which defendants had waived by failing to assert in the pretrial conference order. See id. at 7 n.4. Accordingly, the Court **DENIES** plaintiffs' motion for reconsideration, or in the alternative for a new trial, based on the Court's consideration of California statutory immunities.[7]

---

[6] At the hearing, plaintiffs raised, for the first time, an alleged theory of liability against the City pursuant to Cal. Gov't Code § 815.4 (public entity liability for tortious act of an independent contractor to the same extent that the public entity would be subject to such liability if it were a private person). Plaintiffs did not plead this theory of liability in its complaints or the pretrial conference order. Nor did plaintiffs seek to raise this theory at trial. Accordingly, this unpled theory of liability is not a reason for reconsideration or granting a new trial.

[7] The Court agrees with plaintiffs' implicit contention that an issue or "defense" that could defeat plaintiffs' claim at the outset of a case should generally be resolved prior to trial. The Court finds that a claim premised solely on a theory of the City's direct liability for its own common-law negligence could have been summarily dismissed on a motion to dismiss, timely motion for summary judgment, or timely motion for judgment on the pleadings, because such a claim lacks a statutory basis. However, at the motion to dismiss stage, the Court found that plaintiffs' allegations suggested a viable theory of vicarious liability. Dkt. 91 at 18 ("Based on the allegations in the TAC, it is possible that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

2.      Exclusion of Plea Agreements and Felony Convictions

Plaintiffs argue that the Court's exclusion of Tafoya and Pacheco's plea agreements and felony convictions was reversible error.[8] Mot. at 6. Plaintiffs argue that the plea agreements directly corroborated plaintiffs' theory of the case by: laying out the bribery and sale-of-development agreements scheme in Baldwin Park's cannabis licensing process; describing the use of intermediaries and sham consulting contracts; explicitly referencing Isaac Galvan as an intermediary; confirming cash payments and quid-pro-quo arrangements for City Council votes; referencing the July 2018 Baldwin Park City Council meeting at which Willoughby's development agreement received its second reading and final approval; and identifying "other elected officials," which could have gone to the jury's consideration of Lozano's knowledge, participation, and state of mind. Id. at 6. Plaintiffs argue that even though the Court allowed limited adverse inference instructions based on Tafoya and Pacheco's invocation of the Fifth Amendment, the Court prevented the jury from seeing their sworn, detailed admissions in the plea agreements. Id. at 6-7. Plaintiffs argue that, as a result, the jury had to infer what Tafoya and Pacheco did, without seeing their own confessions. Plaintiffs argue that the jury never saw specific references tying Galvan or "other elected officials" to the scheme. Id. at 7. Plaintiffs argue that the plea agreements and convictions were admissible as: judgments of conviction, pursuant to Fed. R. Evid. 803(22); statements against penal interest, pursuant to Fed. R. Evid. 804(b)(3); public records, pursuant to Fed. R. Evid. 803(8); impeachment of credibility and bias, pursuant to Fed. R. Evid. 608, 609; and evidence of motive, plan, knowledge, intent, and absence of mistake, pursuant

---

the City may be liable for the acts of its employees under a respondeat superior theory."). And defendants did not timely move for summary judgment or judgment on the pleadings on any issue. But the fact that defendants failed to timely move for summary judgment does not prevent the Court from addressing claims that are improper as a matter of law.

[8] At the hearing, plaintiffs suggested that the Court should also have considered the probative value of defendant Galvan's guilty plea in his criminal case, which was filed on November 14, 2025, and entered on the docket on December 4, 2025. However, the trial in this civil case concluded on September 16, 2025, prior to the filing of Galvan's plea agreement. Moreover, plaintiffs did not call Galvan as a witness at trial. In light of the fact that Galvan was not called and his plea agreement was filed after the conclusion of the trial, it was plainly impossible for the Court to consider the plea agreement at trial, even if there were some basis for doing so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

to Fed. R. Evid. 404(b). <u>Id.</u> Plaintiffs argue that any Rule 403 concern is substantially outweighed by the probative value of these sworn admissions, which plaintiffs argue go to the heart of liability, knowledge, and the existence of the conspiracy. <u>Id.</u> Plaintiffs argue that exclusion of the pleas and felony convictions was not harmless because this evidence would have strongly corroborated plaintiffs' testimony and documents; undercut any claim that the development agreement approvals were routine municipal actions; and supported the jury's reasonable inferences against defendants, including Lozano. <u>Id.</u> at 7-8. Plaintiffs argue that the Court's exclusion of the pleas and felony convictions materially undermines confidence in the verdict that was later vacated by the Court's ruling on judgment as a matter of law, and plaintiffs argue that this warrants a new trial. <u>Id.</u> at 8.

In opposition, defendants argue that plaintiffs seek to improperly associate unrelated bribery allegations concerning Pacheco and Tafoya, to the facts of this case. Opp. at 2-3. Defendants also contend that plaintiffs seek to relitigate the Court's rulings on the City's Motion *in Limine* No. 1 to Exclude Indictments, Plea Deals and Related Materials. Dkt. 198. Defendants argue that plaintiffs could have called defendant Galvan to testify but chose not to, and plaintiffs counsel more than averred to the indictments, criminal convictions, pleas, and related materials throughout trial. Opp. at 8-9. Defendants argue that the jury was given stipulated questions for Tafoya and Pacheco to which the jury could draw adverse inferences and evidently did draw adverse inferences in reaching the verdict. <u>Id.</u> Defendants argue that "the jury heard it all," and yet the adverse inferences were the only evidence offered against Pacheco. <u>Id.</u> at 9. Defendants argue that there was nothing more that the jury needed to hear. <u>Id.</u>

In reply, plaintiffs argue that the bribery-related evidence is relevant beyond mere propensity. Reply at 7. Plaintiffs argue that defendants' characterization of the plea deals and felony convictions ignores the numerous non-propensity purposes for which such evidence is admissible, including:

> 1) Motive and financial incentives to structure dealings with Plaintiffs in a particular way; 2) Knowledge of, and participation in, a corrupt scheme impacting City decisions regarding Plaintiffs; 3) The foreseeability of the harm to Plaintiffs given what corrupt officials were doing; and 4) The credibility (or lack thereof) of City actors and the context for City conduct that harmed Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Id. at 7-8. Plaintiffs acknowledge the Court's "understandably expressed concern about pure propensity use" of such evidence in the Court's ruling on defendant's Motion *in Limine* No. 1, but plaintiffs argue that the Court's blanket exclusion of plea agreements and the indictment, combined with subsequent post-trial reasoning that emphasized the absence of direct evidence tying certain individuals to particular transactions, worked together to prejudice plaintiffs. Id. at 8. Plaintiffs argue that defendants rely on the purported absence of testimony from Ju directly tying Ju to dealings with Pacheco or showing that he knew Pacheco was being paid indirectly, when it is precisely this kind of gap that the plea agreements and related materials help to fill. Id. Plaintiffs argue that the Court's invocation of a "lack of direct evidence" reasoning in its post-trial decision, after allowing defendants to invoke the Fifth Amendment at trial while simultaneously keeping plaintiffs from using the very materials that would provide direct evidence, is fundamentally unfair and supports the relief plaintiffs seek. Id. at 8-9. Plaintiffs contend that they were not required to call Galvan to testify, and their "strategic decisions" do not cure the prejudice created by the combination of the Court's evidentiary rulings and its later post-trial reasoning. Id. at 9.

The Court finds that altering the judgment or ordering a new trial is not warranted because the Court did not err in its rulings on defendants' motions *in limine*, in which the Court excluded Tafoya and Pacheco's plea agreements from coming in as evidence in their whole forms. Dkt. 198 at 10. The Court's rulings explicitly left open the possibility that "portions of any plea deals [may be] admitted under Rule 404(b) at trial," with "appropriate limiting instruction[s]." Id. at 13. At trial, plaintiffs did not attempt to admit portions of any plea agreement, with or without limiting instructions. Plaintiffs made no offer of proof at trial to show that a particular factual admission in either plea was probative and not substantially prejudicial. Instead, plaintiffs appear to argue that they were entitled as a legal matter to admit the entirety of each plea agreement and the fact of each defendant's criminal conviction at trial because they "were admissible under multiple rules of evidence." Mot. at 7. The Court's exclusion of otherwise admissible evidence because the Court found that their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury is not error. Fed. R. Evid. 403; see R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc., 945 F.2d 269, 272 (9th Cir. 1991) ("Trial judges have wide discretion to exclude evidence given their presence at the trial and because the considerations arising under Rule 403 are 'susceptible only to case-by-case determinations, requiring examination of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

surrounding facts, circumstances, and issues.'") (quoting United States v. Layton, 767 F.2d 549, 554 (9th Cir. 1985)).

Furthermore, the Court finds that plaintiffs may have failed to preserve a claim of error by not attempting to introduce specific portions of either plea agreement at trial. Plaintiffs did not make a formal offer of proof, as required by Fed. R. Evid. 103(a)(2), for any specific factual admissions that plaintiffs now argue should have been admitted. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 177-78 (1988) (Rehnquist, C.J., concurring) ("Federal Rule of Evidence 103(a)(2) requires an 'offer of proof' in order to preserve for review a perceived error excluding evidence. Most courts and treatises have interpreted the need for an 'offer of proof' as requiring a specific and timely defense of the evidence."). "Failure to make an offer of proof, however, is excused if an offer of proof would have been redundant, unnecessary, or futile." R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc., 945 F.2d 269, 272 n.2 (9th Cir. 1991). As a result, the Court can only review for error its decisions on the motions *in limine*, where plaintiffs' oppositions, dkts. 172 and 175, suffice as offers of proof in support of admitting the plea agreements in their whole forms, with limiting instructions.

Defendants' Motion *in Limine* No. 1 asked the Court to exclude indictments and "plea deals on unrelated matters" of named individual defendants and third parties because defendants argued that such evidence would "bias and confuse the jury against Defendants, many of whom are not part of such plea deals or indictments." Dkt. 163 at 3. Defendant's Motion *in Limine* No. 4 asked the Court to ensure that evidence that is admissible against any particular defendant is not used against all other defendants. Dkt. 166 at 3.

In opposition to Motion *in Limine* No. 1, plaintiffs argued that evidence of indictments and plea deals concerning City officials is relevant and admissible, as they "bear directly on [p]laintiffs' allegations that the City's contract award process was systematically corrupted[,] . . . establish a pattern of bribery, reveal the knowledge and intent of municipal decision-makers, and corroborate [p]laintiffs' factual assertions." Dkt. 172 at 1. Plaintiffs argued that the indictment and plea deals show that City officers were convicted "for corruption practices materially similar to those alleged here" and "demonstrate a common scheme or plan" under Federal Rule of Evidence 404(b) ("Rule 404(b)") to obtain City contracts through illicit payments. Id. at 4. Plaintiffs argued that the materials also provide context for plaintiffs' allegation that the award process was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

unfair and show why the development agreement with plaintiffs is now unenforceable. Id. Plaintiffs argued that any prejudice could be mitigated by a limiting instruction, directing the jury to consider the indictments and plea deals solely for the purpose of evaluating defendants' motive, intent, or scheme. Id. Plaintiffs contended that this instruction would preserve defendants' due process rights while allowing plaintiffs "to present the full context of municipal corruption." Id. at 5. In opposition to Motion *in Limine* No. 4, plaintiffs argued that evidence of each defendant's wrongful acts is probative of concerted action, common scheme, motive, intent, and knowledge, and is therefore admissible under Rule 404(b). Dkt. 175 at 1. Plaintiffs argued that proof that one defendant entered a plea deal "makes it more likely" that other defendants shared a common scheme or agreement, acted with knowledge, and participated in a RICO-style enterprise. Id.

> In the Court's ruling on defendants' Motion *in Limine* No. 1, the Court found:
>
> Plaintiffs may not use the plea deals or the indictment as propensity evidence. See Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Further, plaintiffs have not adequately demonstrated how this evidence is probative of defendants' motive, intent, or plan. Accordingly, the Court finds that exclusion of Tafoya's plea deal, Pacheco's plea deal, and Galvan's indictment is warranted.

Dkt. 198 at 10. In the Court's ruling on defendants' Motion *in Limine* No. 4, the Court found that "one defendant's plea deal does not appear relevant to plaintiffs' claims against other defendants. Further, the Court finds that it would be highly prejudicial to admit evidence against all defendants that only pertains to one defendant. The Court therefore finds that, *if portions of any plea deals are admitted under Rule 404(b) at trial,* they must be admitted with an appropriate limiting instruction." Id. at 13 (emphasis added).

Having reviewed each of the plea agreements, attached as exhibits to plaintiffs' instant motion, and plaintiffs' arguments in support of their admissibility, the Court reaches the same conclusion: the plea agreements in their complete form are highly prejudicial and minimally relevant to plaintiffs' claims against all defendants, yet portions of each plea agreement may be admissible against the particular pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | | Date | December 22, 2025 |
|---|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | | |

defendant with appropriate limiting instructions. Indeed, each plea agreement contains some factual admissions that appear to be relevant to plaintiffs' case. Nevertheless, such admissions are hearsay and would only be admissible as statements against interest or opposing party statements against the specific declarant and not against other defendants. Fed. R. Evid. 801(d)(2); 804(b)(3). Plaintiffs' contention that the reference to "other elected officials" in Pacheco's plea agreement "directly implicated the broader circle of participants and could have gone to the jury's consideration of Lozano's knowledge, participation, and state of mind," underscores the danger that the jury would inappropriately consider inadmissible hearsay evidence against defendants who had not made the out-of-court statements and were not even directly named by such statements. Mot. at 6.

Furthermore, both plea agreements are lengthy and include allegations, procedural obligations, and factual admissions that are irrelevant to plaintiffs' claims. See dkt. 266-1 at 121-168 (the "Pacheco Plea"); dkt. 266-1 at 169-208 (the "Tafoya Plea"). The Court finds the factual admissions of unrelated criminal conduct to be highly prejudicial to defendants. For example, the Pacheco Plea discusses a "Police Association" bribery scheme and a "West Valley Water District Board" bribery scheme, and the Tafoya Plea discusses Tafoya's evasion of tax payments. Dkt. 266-1 at 152-55, 157-161, 187-98. Even the factual admissions that may be relevant are unclear and difficult to comprehend because names of persons and companies are masked, creating a risk of confusing the issues and misleading the jury. In sum, the Court finds that limiting instructions would not resolve the substantial Rule 403 concerns with admitting the entire plea agreements, and thus, exclusion was warranted.

Lastly, the Court finds that even if the Court's preliminary rulings on defendants' motions in limine were erroneous, which they were not, such errors would not require a new trial because the Court "must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. "A new trial is only warranted on the basis of an incorrect evidentiary ruling if the ruling substantially prejudiced a party." United States v. 99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir. 1992) (citing Haddad v. Lockheed Cal. Corp., 720 F.2d 1454, 1457-59 (9th Cir.1983). Plaintiffs argue that the Court's evidentiary rulings substantially prejudiced plaintiffs, in light of the Court's legal reasoning in its post-trial order on judgment as a matter of law. Reply at 9. But plaintiffs do not contend that the Court's misapplied the law in its judgment as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Plaintiffs rested their case at trial mistakenly believing that they had offered sufficient evidence to prove liability as to Pacheco and Lozano for fraud, and the jury's verdict in plaintiffs' favor appeared to confirm that belief. But the Court later ruled that plaintiffs' evidence was insufficient as a matter of law. See JMOL at 10-17 (finding that Lozano could not legally be found liable for intentional misrepresentations in a press release that plaintiffs conceded Lozano did not write and believed to be true; finding that no evidence, direct or circumstantial, was offered at trial to show that Lozano agreed to join a conspiracy to commit fraud against plaintiffs; and finding that no evidence other than adverse inferences was offered at trial to show that Pacheco agreed to join a conspiracy to commit fraud against plaintiffs). "[W]hether the evidence presented at trial is sufficient to create an issue of fact for the jury or will permit the court to enter judgment as a matter of law is solely a question of law to be determined by the trial court." 9B C. Wright & A. Miller, Federal Practice & Procedure, § 2524 (3d ed.).

Plaintiffs do not dispute that there may have been other ways to tie Pacheco to the alleged conspiracy besides admitting the entirety of the Pacheco Plea, such as by calling Galvan to testify or by seeking to admit specific factual admissions in the Pacheco Plea against Pacheco. Reply at 9. Plaintiffs' "strategic decisions at trial" are not the Court's making. Id. Moreover, the Court found that the jury's verdict against Tafoya was supported by sufficient evidence, and the plea agreements do not contain any evidence relevant to Lozano's liability. Thus, the Court's motion in limine rulings based on Rule 403 concerns did not unduly burden plaintiffs' ability to present their case to the jury.

Accordingly, the Court **DENIES** plaintiffs' motion for reconsideration, or in the alternative for a new trial, based on the Court's evidentiary rulings.

3.    Plaintiffs' Other Arguments for Reconsideration or a New Trial

Plaintiffs also ask the Court to incorporate by reference their arguments in opposition to defendants' motion for judgment as a matter of law, which plaintiffs contend further demonstrate that substantial evidence supported the verdict and that the Court's judgment as a matter of law must be set aside.

The Court, having already addressed plaintiffs' opposition to defendants' motion for judgment as a matter of law in its order, finds that reconsideration on such a ground is improper. See C.D. Cal. L.R. 7-18 ("No motion for reconsideration may in any manner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

repeat any oral or written argument made in support of, or in opposition to, the original motion."). Accordingly, the Court **DENIES** plaintiffs' motion on this ground.

Plaintiffs also argue that "[defendants'] failure to object at any time during trial and before the jury retired is yet another waiver that undermines reliance on Government Code immunities and post-verdict challenges to the structure of the case." Mot. at 9. Plaintiffs contend that the law requires timely and specific objections to jury instructions and special verdict forms during trial to preserve the right to challenge them post-verdict. Id. at 10. Plaintiffs argue that defendants, having consented to the legal framework under which the jury was told to decide negligence and fraud cannot now ask the Court to rewrite the instructions or verdict form post hoc through a renewed motion for judgment as a matter of law by importing unpled immunity defenses. Id. at 9.

The Court finds this argument to be misguided. The Court's judgment as a matter of law with respect to any of the claims, did not depend on any objection—timely made or waived—to the jury instructions or verdict form.[9] See generally JMOL. Accordingly, the Court **DENIES** plaintiffs' motion on this ground.

### B.    Motion for Prejudgment Interest

Plaintiffs argue that prejudgment interest is applicable in fraud cases, and that the Court may award prejudgment interest in cases where the plaintiff is deprived of money at identifiable times and identifiable amounts. Dkt. 265 at 2. Plaintiffs argue that the trial evidence establishes that plaintiffs paid $900,000.00 in payments for licenses and $290,000.00 in payments to the City for which Tafoya was found liable. Id. Plaintiffs assert that each amount was documented and supported through testimony, bank records, and/or exhibits. Id. Plaintiffs argue that prejudgment interest is necessary for full compensation because plaintiffs have been deprived of the use of substantial funds for years. Id. at 3. Plaintiffs argue that even if the Court deems that Cal. Civ. Code § 3287 is inapplicable, there is an equitable basis for awarding prejudgment interest. Id.

Plaintiffs request prejudgment interest at 7 percent per annum on $1,190,000.00 of the $1,600,000 verdict against Tafoya. Dkt. 265 at 4. Plaintiffs request prejudgment

---

[9] Moreover, to the extent that defendants' renewed motion for judgment as a matter of law generally challenged the jury verdict, defendants timely raised their Rule 50(a) motion prior to jury instructions. Trial Tr. (Sept. 11, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

interest to commence on October 9, 2018, the date of the first payment made by plaintiffs to the City, or alternatively on March 23, 2021, the date of the last payment made by plaintiffs to the City.  Id.

The Court considers plaintiffs' motion to be a "motion to alter or amend a judgment" pursuant to Rule 59(e), which is timely filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Rule 59(e) does not list "specific grounds for a motion to amend or alter" and thus, "the district court enjoys considerable discretion in granting or denying the motion."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted).

The Court finds that amending the judgment to award prejudgment interest is appropriate pursuant to California law.  Pursuant to Local Rule 7-12, the lack of a timely filed opposition is an independent basis for the Court to grant plaintiffs' motion.  See L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion").  However, the Court cannot award prejudgment interest on the total amount of plaintiffs' computed damages from the date of plaintiffs' first payment.  Accordingly, the Court **GRANTS** plaintiffs' motion, and the judgment will be amended to award prejudgment interest to plaintiffs on $1,190,000.00 at a rate of 7 percent per annum commencing on March 23, 2021.

### C.    Motion for Attorneys' Fees

Plaintiffs argue that they are entitled to attorneys' fees and costs pursuant to Paragraph 8.4 of the Amended Development Agreement, which provides:

Attorneys' Fees and Costs.  In any action or proceeding between the City and Owner brought to interpret or enforce this STATUTORY AGREEMENT, or which in any way arises out of the existence of this STATUTORY AGREEMENT or is based upon any term or provision contained herein, the "prevailing party" in such action or proceeding shall be entitled to recover from the non-prevailing party, in addition to all other relief to which the prevailing party may be entitled pursuant to this STATUTORY AGREEMENT, the prevailing party's reasonable attorneys' fees and litigation costs, in an amount to be determined by the court.  The prevailing party shall be determined by the court in accordance with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

> California Code of Civil Procedure Section 1032. Fees and costs recoverable pursuant to this Section [sic] 9.4 include those incurred during any appeal from an underlying judgment and in the enforcement of any judgment rendered in any such action or proceeding.

Dkt. 263 at 1 (quoting dkt. 263-1 at 22).

Plaintiffs argue that they are the "prevailing party" under California Code of Civil Procedure § 1032 on all contractual claims as well as the $1,600,000.00 recovery against former City Attorney Robert Tafoya, who approved the agreement as to form and content. Dkt. 263 at 3. Plaintiffs argue that they are entitled to recover their attorneys' fees on the City's contract counterclaims as a matter of contract and pursuant to California Civil Code § 1717. Id. at 4. Plaintiffs argue that they are entitled to recover attorneys' fees for the fraud claims in addition to the contract counterclaims because plaintiffs' fraud claims share a common core of facts with the contract claims. Id. Plaintiffs argue that the City cannot evade the contractual attorneys' fee provision of the development agreement by claiming, in hindsight, that it is unenforceable because the City sought to enforce the development agreement. Id. at 5.

In opposition, defendants argue that plaintiffs did not seek to enforce the development agreement, and therefore, the case was not an action for the enforcement of a contract pursuant to California Civil Code § 1717(a). Dkt. 270 at 4. Defendants argue that plaintiffs should be limited to attorneys' fees incurred defending against the City's counterclaims. Id. at 5. Defendants argue that plaintiffs would need to document and separate such recoverable fees from the unrecoverable fees for the remainder of the action. Id. Defendants argue that if the entire case is covered by the contractual attorneys' fee provision, plaintiffs should be denied of any recovery because defendants are the greater prevailing party. Id. at 5-6. Defendants ask the Court to determine who is the actual "prevailing party" pursuant to California Civil Code section 1717(b). Id. at 6. Defendants contend that they are the greater prevailing party because more of plaintiffs' claims failed than did defendants' counterclaims. Id. Defendants argue that mutuality of remedies does not apply because defendants never attempted to collect attorneys' fees other than through sanctions. Id. at 7.

In reply, plaintiffs argue that they are the prevailing parties "on the contract" under California Civil Code § 1717. Dkt. 275 at 2. Plaintiffs argue that the intentionally expansive language in Paragraph 8.4 reaches not only actions to enforce the Agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

but also any action that "in any way arises out of" the Agreement's existence or terms. Id. at 3. Plaintiffs argue that the City's counterclaims make this an "action on a contract." Id. Plaintiffs argue that they were the only party that recovered any relief on the contract by defeating the City's counterclaim for millions of dollars in alleged contract damages. Id. Plaintiffs argue that under California law, a party cannot seek to enforce a contract and then avoid mutuality by denying the contract's existence or enforceability when it loses. Id. at 4. Here, plaintiffs contend that defendants impermissibly attempt to deny plaintiffs the benefit of the attorneys' fee clause by casting the Agreement the City sought to collect substantial fees under as "cancelled." Id. Plaintiffs argue that "greater relief" in the overall case does not change who prevailed "on the contract." Id. Plaintiffs point out that the attorneys' fee provision runs only between the City and Tier One, and plaintiffs contend that it does not depend on whether plaintiffs prevailed against other individual defendants on separate theories. Id. Plaintiffs argue separately that they are the prevailing party for costs under California Code of Civil Procedure § 1032 based on their net monetary recovery in the entire action. Id. at 5.

Plaintiffs argue that their recoverable attorneys' fees should not be limited to time spent to defeat the City's counterclaims because the Development Agreement fee clause encompasses plaintiffs' negligence claim against the City and fraud claims against its former City Attorney and officials, which plaintiffs contend all arise out of the negotiation, drafting, approval, and purported termination of the Development Agreement and the City's cannabis program built around it. Dkt. 275 at 6. Plaintiffs argue that the Court's judgment recognizes that the $1,600,000.00 fraud verdict against Tafoya and plaintiffs' defense of the City's contract counterclaim "all aris[e] out of a common core of facts surrounding the purchase/transfer of an Amended Development Agreement and its enforceability."[10] Id. Plaintiffs contend that California law allows recovery of fees for tort and other non-contract claims that are based on a common core of facts or are inextricably intertwined with contract claims. Id. Plaintiffs argue that because every claim and counterclaim arose from the same Development Agreement and related

---

[10] Plaintiffs use quotation marks that suggest the quotation appears in an order by the Court. P Reply at 5. This is not accurate. Instead, it appears that the quotation marks reference plaintiffs' own language in plaintiffs' motion for attorneys' fees. See P. Mot. at 3. The Court has serious concerns regarding the misleading nature of plaintiffs' representation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | | Date | December 22, 2025 |
| --- | --- | --- | --- | --- |
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | | |

conduct, and because the work cannot be meaningfully segregated by claim, plaintiffs are entitled to recover fees for all reasonably expended hours.  Id.

There are two possible statutory bases for the recovery of attorneys' fees in this case: California Civil Code section 1717 and California Code of Civil Procedure section 1021.  The Court discusses each in turn and then addresses the reasonableness of plaintiffs' requested hours, hourly rate, and lodestar multiplier.[11]

      1.     California Civil Code § 1717

California Civil Code section 1717 only provides a basis for the recovery of attorneys' fees and costs to the prevailing party on contract claims between the City and plaintiffs.  Cal. Civ. Code § 1717; see Santisas v. Goodin, 17 Cal. 4th 599, 615 (1998) ("If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims.").  Here, the City's counterclaim for breach of contract is unquestionably a contract claim, and plaintiffs are the prevailing party on the contract.  Accordingly, plaintiffs have a statutory basis to recover reasonable attorneys' fees and costs *incurred to defeat the City's counterclaim* pursuant to California Civil Code section 1717.  The other claims in this case were not contract claims between the City and plaintiffs, and therefore, plaintiffs must establish an independent basis for recovery.  Exxess Electronixx v. Heger Realty Corp., 64 Cal. App. 4th 698, 708 (1998) ("Civil Code section 1717 does not apply to tort claims; it determines which party, if any, is entitled to attorneys' fees on a *contract claim only*.").

      2.     California Code of Civil Procedure § 1021

California Code of Civil Procedure section 1021 provides a basis for the recovery of attorneys' fees and costs to the prevailing party on contract or non-contract claims according to an agreement between the parties.  Cal. Code Civ. Proc. § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties."); see also Exxess Electronixx, 64 Cal. App. 4th at 708 ("As to tort claims, the question of whether to award attorneys' fees turns on the language of the contractual attorneys' fee provision, i.e., whether the party seeking fees has 'prevailed'

---

[11] The Court does not have enough information to decide the reasonableness of plaintiffs' requested fees, for the reasons discussed herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|----------|------------------------|------|-------------------|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

within the meaning of the provision and whether the type of claim is within the scope of the provision.").

The contractual provision for attorneys' fees and costs in Paragraph 8.4 of the Amended Development Agreement is not limited to actions to enforce the contract. It also covers "any action or proceeding between the City and [plaintiffs] . . . which in any way arises out of the existence of [the Development Agreement or its terms]." Dkt. 263-1 at 22. Therefore, the Court must determine which claims between the City and plaintiffs were covered by section 1021 and then determine the prevailing party in accordance with California Code of Civil Procedure Section 1032.

Plaintiffs' claims against the individual defendants cannot be covered by section 1021 because the individual defendants were not parties, alter egos to parties, or third-party beneficiaries to the Amended Development Agreement that contained the contractual attorneys' fees provision. C.f. Cargill, Inc. v. Souza, 201 Cal. App. 4th 962, 966, 134 Cal. Rptr. 3d 39, 42 (2011) ("As a general rule, such attorney fees are awarded only when the lawsuit is between signatories to the contract. . . . Two situations may entitle a nonsignatory party to attorney fees. First is where the nonsignatory party 'stands in the shoes of a party to the contract.' Second is where the nonsignatory party is a third party beneficiary of the contract."). In other words, the individual defendants in this action have no rights under the Amended Development, including to recover attorneys' fees pursuant to Paragraph 8.4. Accordingly, the individual defendants cannot be bound by the attorneys' fees provision in the Amended Development Agreement.

Thus, the Court turns to the claims in the case that are between the City and plaintiffs—the parties in contract. "In resolving a motion for attorney fees, the court should consider the pleaded theories of recovery, the theories asserted and the evidence produced at trial, if any, and also any additional evidence submitted on the motion in order to identify the legal basis of the prevailing party's recovery." Boyd v. Oscar Fisher Co., 210 Cal. App. 3d 368, 377 (Ct. App. 1989). The parties asserted the following claims against each other: (1) plaintiffs' inverse condemnation/taking claim against the City; (2) plaintiffs' Monell claim against the City; (3) plaintiffs' negligence claim against the City; (4) plaintiffs' fraud claim against the City; (5) the City's counterclaim for breach of contract; (6) the City's counterclaim for breach of the covenant of good faith and fair dealing; (7) the City's counterclaim for fraud in the inducement of contract; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

(8) the City's counterclaim for unjust enrichment.[12]  The Court finds that all of these claims arise out of the Development Agreement.

Next, the Court must determine the prevailing party in the action.  California Code of Civil Procedure section 1032 provides:

> "Prevailing party" includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.  If any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

Cal. Code. Civ. Proc. § 1032(4).

Here, there is no clear prevailing party on the action between the City and plaintiffs, consisting of the eight claims listed above.  In fact, no claim brought by either party against the other resulted in a monetary recovery.  Each claim was dismissed on a motion to dismiss, resolved at trial, or resolved by judgment as a matter of law in favor of the defendant (the City) or counter-defendants (plaintiffs).  Because the Court finds no prevailing party in the action between the City and plaintiffs, the contractual attorneys' fees provision in the Development Agreement does not serve as a basis for either side's recovery of attorneys' fees.[13]

---

[12] Plaintiffs asserted each of these four claims against the City in their complaint and three amended complaints.  See dkt. 1 at 14-19; dkt. 25 at 36-45; dkt. 43 at 43-53; dkt. 70 at 44-58.  The City asserted its four counterclaims in its Amended Counterclaim.  Dkt. 108.

[13] Plaintiffs argue that their substantial monetary recovery against Tafoya makes them the prevailing party, P Reply at 5, but plaintiffs' claim against Tafoya was not covered by the contractual provision in the Development Agreement.  Nevertheless, plaintiffs are entitled to recover costs from Tafoya as the prevailing party.  Cal. Code. Civ. Proc. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

 3.  Reasonableness of Plaintiffs' Fees and Costs

Plaintiffs argue that $650 per hour is an appropriate and reasonable rate for their counsel, who has over twenty years of experience litigating and trying over fifty 42 U.S.C. § 1983 cases. Dkt. 263 at 8-9.[14] Plaintiffs point to Magistrate Judge Castillo's order granting plaintiffs' motion for attorneys' fee sanctions which applied that rate. Id. (citing dkt. 250). Plaintiffs argue that that their counsel reasonably expended over 503.5 hours litigating the case. Dkt 263 at 9. Plaintiffs argue that their reasonable time spent on pre-complaint investigation and other work is recoverable. Id. Plaintiffs' counsel contends that a 2.0 multiplier on his lodestar is appropriate because plaintiffs successfully held former City Attorney Tafoya accountable for fraud and defeated the City's counterclaims at trial. Id. Plaintiffs' counsel argues that such a multiplier is warranted because there was significant uncertainty as to whether plaintiffs would prevail, and therefore, significant risk of nonpayment for services rendered. Id. at 9. Counsel's declaration states that he advanced $2,805.02 in investigation and process server fees, $2,560.60 in deposition fees, and $402 in filing fees. Dkt. 263-1 at 5.

In opposition, defendants argue that plaintiffs request an unreasonable amount of fees. Dkt. 270 at 8. Defendants argue that plaintiffs artificially inflated their fees incurred by causing the parties to substantially litigate a series of unintelligible complaints. Id. Defendants also argue that plaintiffs have not shown which fees were due to defeating the City's contract counterclaims and which were due to other unrelated claims, including claims against individual defendants that were ultimately settled or voluntarily dismissed. Id.

In reply, plaintiffs argue that the work for all claims is recoverable, and that the work cannot be meaningfully segregated by claim. Dkt. 275 at 6. Plaintiffs argue that the billing records they provided as an exhibit to their motion are detailed and contemporaneous. Id. Plaintiffs contend that defendants do not identify any time entries that should be excluded, nor do defendants propose any principled allocation. Id. Plaintiffs argue that defendants offer no expert declaration, alternative market rate, or any

---

1021; § 1032(a)(4). However, this recovery is limited to allowable costs under California Code of Civil Procedure section 1033.5.

[14] The Court asks plaintiffs to provide the fee agreement so that the Court can learn what actual hourly rate, if any, was paid by plaintiffs. The Court must also learn whether plaintiffs' counsel has a contingency fee payment structure, and if so, how it is structured.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

challenge to particular time entries.  Id. at 7.  Plaintiffs argue that California law does not require detailed time records and allows courts to award fees based on counsel's declaration and the court's own view of the case.  Id.

The reasonable attorneys' fees that plaintiffs may recover pursuant to California Civil Code section 1717 are calculated using the lodestar method.  See Sternwest Corp. v. Ash, 183 Cal. App. 3d 74 (Ct. App. 1986).  Under the lodestar method, courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007).  In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'"  Hiken v. Dep't of Def., 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986)).  Additionally, district courts may rely on their own knowledge and experience regarding customary rates and reasonable fees.  See Ingram v. Oroudjian, 647 F. 3d 925, 928 (9th Cir. 2011).  Here, the Court finds that a rate of $650 to be reasonable based upon the same reasoning in Magistrate Judge Castillo's order.  See dkt. 250 at 2-3.  The fee requested is consistent with prevailing market rates in the Central District of California, the relevant legal community, for attorneys with a similar number of years of experience.  See, e.g., Orlando Garcia v. Apple Seven Services SPE San Diego, Inc., 2022 WL 837419, at *4 (C.D. Cal. Mar. 21, 2022) (noting that the average hourly rate for litigators in Los Angeles with 21 years of experience is about $800 per hour).

However, on the information provided by plaintiffs, the Court cannot currently accept plaintiffs' total hours calculation because it includes far more than the hours recoverable under California Civil Code section 1717.  As previously explained, plaintiffs have only shown that they are entitled to reasonable attorneys' fees for work incurred litigating the City's contract claims.  Any hours that are not recoverable are unreasonable.  The burden is on the party seeking fees to establish their reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Accordingly, at this juncture, plaintiffs have not established the reasonableness of their requested number of hours.  If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods.  Gonzales v. City of Maywood, 729 F. 3d 1196, 1203 (9th Cir. 2013).  The court may either conduct an "hour-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

by-hour analysis" of the fee request or make an "across the board percentage cut." Id. The Court "may exclude any excessive, redundant, or otherwise unnecessary hours requested by counsel." Welch, 480 F.3d at 946. Ultimately, district courts have broad discretion in determining the fee amount. See Hensley, 461 U.S. at 437. The Court orders plaintiffs' counsel to assign each of the individual time entries documented in his time sheets attached as an exhibit to plaintiffs' motion into three mutually exclusive groups with a brief explanation for each assignment: (1) entries that reflect time spent *only* on litigating plaintiffs' claims against the individual defendants; (2) entries that reflect time spent *only* on litigating plaintiffs' claims against the City or the City's counterclaims; and (3) entries that reflect time spent litigating a mix of the previous two categories.[15] Only after the Court has this information can the Court make an allocation of reasonable time that is recoverable pursuant to California Civil Code section 1717.

Finally, "in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." Welch, 480 F.3d at 946 (citing Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000)). The Court may adjust the lodestar based on factors including: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001). "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." Ketchum, 24 Cal. 4th at 1132. "Of course, the trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors." Id. at 1138; see also Hogar Dulce Hogar v. Cmty. Dev. Com. of City of Escondido, 157 Cal. App. 4th 1358, 1371 (2007) ("The award of a multiplier is in the end a discretionary matter largely left to the trial court."). Here, plaintiffs' counsel asks for a 2.0 multiplier on the lodestar based in large part on the contingent nature of his compensation. The Court finds that plaintiffs' counsel has not sufficiently established that a lodestar enhancement is appropriate in this case. The lodestar is only to reflect his fees for litigating the City's contract counterclaims and not for litigating the entire case. If plaintiffs' counsel had a

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

contingency fee payment structure,[16] the Court finds that plaintiffs' counsel could have mitigated the risk of nonpayment by agreeing to a more common payment structure for breach of contract actions.

In conclusion, the Court finds that plaintiffs are entitled to recover some attorneys' fees and costs pursuant to California Civil Code section 1717. However, the Court reserves judgment on the amount of reasonable fees and costs that are recoverable pending plaintiffs providing additional information to the Court.

### D.      Motion for Sanctions

Defendants argue that plaintiffs' counsel should be sanctioned for unduly multiplying the proceedings. Dkt. 264 at 2. Defendants argue that they previously asked the Court numerous times to sanction plaintiffs' counsel, and the Court denied such requests, reserving judgment on sanctions until the conclusion of the case. Id. (citing dkt. 74 at 16-17). Now that the case has concluded, defendants request that the sanctions previously requested be granted. Id. at 4. Defendants argue that plaintiffs filed lengthy and unintelligible complaints through a litany of dismissals with leave to amend; improperly cited to matters outside of the complaint; relied on bald assertions; and failed to meet the pleading requirements for claims. Id. at 4-6. Defendants argue that plaintiffs filed defective amended complaints that necessitated duplicative motions to dismiss. Id. at 7-8. Defendants conclude that the Court should use its inherent power to admonish plaintiffs for their prior behavior and award sanctions and attorneys' fees to defendants. Id. at 12. Defendants estimate that $174,835.00 in attorneys' fees and $2,690.02 in costs should be awarded to defendants to cover the briefing of the multiplied proceedings for motions to dismiss, motions to strike, and motions for judgment on the pleadings. Id. at 14. Defendants also state that the Development Agreement and certificate of occupancy issued to plaintiffs that were the subject of the litigation are valid and enforceable. Id. at 15. In the same paragraph, defendants state that the Development Agreement and certificate of occupancy have been terminated by the City for nonpayment of public benefit fees by plaintiffs, yet plaintiffs continue to operate commercial cannabis-

---

[16] As stated in footnote 14, the Court expects plaintiffs to provide the fee agreement so that the Court can learn what actual hourly rate, if any, was charged, or whether plaintiffs' counsel has a contingency fee payment structure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

manufacturing in the City, in breach of contract. <u>Id.</u> Defendants ask for sanctions in the amount of $300,000.00 on this ground. <u>Id.</u>

In opposition, plaintiffs argue that Morales was dismissed pursuant to a mutual general release that extinguished her right to later seek sanctions or costs from plaintiffs or their counsel. Dkt. 268 at 6. Plaintiffs argue that defendants' request for sanctions fails because plaintiffs' conduct throughout the procedural history was reasonable and consistent with the Court's orders. <u>Id.</u> at 7-8. Plaintiffs argue that defendants themselves multiplied the proceedings by filing so many pre-trial motions. <u>Id.</u> at 8. Plaintiffs argue that defendants have not shown bad faith, recklessness, or objectively unreasonable conduct required for inherent-power sanctions or sanctions pursuant to 28 U.S.C. § 1927. <u>Id.</u> Plaintiffs conclude that even if defendants were entitled to any fees, their requested amount is unreasonable. <u>Id.</u> at 9.

In reply, defendants argue that plaintiffs repeat their sanctionable conduct in their opposition brief by failing to address the merits of defendants' arguments. Dkt. 278 at 3. Defendants contend that this was no ordinary case, as plaintiffs brough inappropriate claims throughout to multiply the proceedings. <u>Id.</u> at 5. Defendants argue that the amount of fees requested is reasonable, and state that they would submit an accounting if requested by the Court. <u>Id.</u> at 6.

The Court finds that defendants' requests for sanctions are procedurally improper and otherwise without merit. First, defendants have never properly moved for sanctions pursuant to Fed. R. Civ. P. 11(c)(2). Instead, defendants have merely—and repeatedly— invoked the term "sanctions" in motions and responsive briefs to plaintiffs' motions. Second, even if defendants had followed the proper procedure to move for sanctions, defendants have not identified or established a basis for sanctions. While the Court acknowledges that both plaintiffs and defendants have made strategic litigation choices that have perhaps unnecessarily extended the proceedings, and while both plaintiffs and defendants have asserted claims that were ultimately dismissed, litigation conduct and unsuccessful claims are generally not grounds for attorneys' fees as sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, or the Court's inherent powers, absent an exceptional case involving bad faith. <u>See</u> <u>Dogherra v. Safeway Stores, Inc.</u>, 679 F.2d 1293, 1298 (9th Cir. 1982) ("An award of attorneys' fees for bad faith "is punitive and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.'") (quoting <u>United States v. Standard Oil Co.</u>, 603 F.2d 100, 103 (9th Cir. 1979)). Defendants have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | December 22, 2025 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

made no such showing here. Finally, the Court denies defendants' confusing request for "sanctions" of $300,000.00 against plaintiffs for an alleged breach of the Development Agreement. Dkt. 264 at 15. This appears to the Court to be an attempt to relitigate the City's counterclaim against plaintiffs for the very same breach of contract, which plaintiffs won on at trial. Accordingly, defendants' requests for sanctions are **DENIED**.

## IV.    CONCLUSION

In accordance with the foregoing: the Court **DENIES** plaintiffs' motion for reconsideration, or in the alternative for a new trial; the Court **GRANTS** plaintiffs' motion for prejudgment interest; the Court **RESERVES JUDGMENT** on plaintiffs' motion for attorneys' fees; the Court **ORDERS** plaintiff to provide the information requested herein no later than Wednesday, December 31, 2025; and the Court **DENIES** defendants' motion for attorneys' fees and sanctions.

IT IS SO ORDERED.

|  | 00 | : | 21 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |