UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (Dkt. 263, filed on November 17, 2025)

## I. INTRODUCTION & BACKGROUND

On January 18, 2023, plaintiffs DJCBP Corporation d/b/a/ Tier One Consulting ("Tier One") and David Ju (collectively, "plaintiffs") initiated this action against defendants City of Baldwin Park (the "City"); Robert Nacionales Tafoya ("Tafoya"), former Baldwin Park City Attorney; Anthony Willoughby II ("Willoughby"), former Baldwin Park Deputy City Attorney; Ricardo Pacheco ("Pacheco"), former Baldwin Park City Council member; Isaac Galvan ("Galvan"), former Mayor of the City of Compton; Lourdes Morales ("Morales"), former Baldwin Park Deputy City Clerk; Manuel Lozano ("Lozano"), former Baldwin Park Mayor; and Does 1 through 50, inclusive. Dkt. 1.

On March 28, 2024, the City filed a cross-complaint against plaintiffs. Dkt. 97. On January 24, 2025, Willoughby was dismissed with prejudice pursuant to a stipulation of voluntary dismissal by plaintiffs and Willoughby. Dkt. 141. The Court dismissed several of plaintiff's claims and one of the City's counterclaims. See e.g., dkts. 66, 91, 121.

The Court held a jury trial on the remaining claims and counterclaims beginning on September 9, 2025. See dkt. 224. Plaintiffs' claims at trial were: (a) negligence against the City under a theory of negligent hiring, retention, and/or supervision of Tafoya as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

City Attorney; and (b) fraud against individual defendants Tafoya, Pacheco, and Lozano.[1] Id. at 5, 11. The City's counterclaims against plaintiffs were for breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment.[2] Id. at 32.

The alleged facts of this case are well-known to the parties and set forth in the Court's March 15, 2024 order. Dkt. 91. No party moved for summary judgment, and there are no jointly stipulated facts in the pre-trial or trial record.

The trial commenced on September 9, 2025, and thereafter trial was held on September 10, September 11, September 12, and September 16. At the close of plaintiffs' opening statement and before the case was submitted to the jury, defendants orally moved for judgment as a matter of law on all claims pursuant to Federal Rule of Civil Procedure 50(a). See Trial Tr. (Sept. 9, 2025; Sept. 11, 2025; Sept. 16, 1025). Defendants moved for judgment as a matter of law on the same grounds as defendants' motion for judgment on the pleadings, dkt. 219, which the Court denied as untimely, dkt. 235. See Trial Tr. (Sept. 9, 2025). The Court deemed defendants' Rule 50(a) motion timely made and reserved judgment. Id.

The jury returned a verdict finding for plaintiffs on their claims of fraud against defendants Lozano, Tafoya, and Pacheco, and awarded plaintiffs $1,600,000 in damages. Dkt. 240 ("Verdict Form") at 2-4. The jury also found for plaintiffs on their claim of negligence against the City and awarded plaintiffs an additional $290,000 in damages. Id. at 5. The jury found for plaintiffs on the City's counterclaim for breach of contract. Id.

On October 6, 2025, defendants filed a renewed motion for judgment as a matter of law. Dkt. 253. Plaintiffs filed an opposition on October 13, 2025. Dkt. 254. Defendants filed a reply on October 20, 2025. Dkt. 258. On November 3, 2025, following a hearing, the Court granted in part and denied in part defendants' motion for judgment as a matter of law. Dkt. 260 ("JMOL"). The Court granted judgment as a matter of law for the City on plaintiffs' claims of negligent hiring and negligent supervision against the City. Id. at 22. The Court also granted judgment as a matter of law for defendants Lozano and

---

[1] The Clerk entered a default as to defendant Galvan on September 10, 2025. Dkt. 227. Plaintiffs voluntarily dismissed their claim against defendant Morales during trial. See Trial Tr. (Sept. 9, 2025).

[2] The City voluntarily dismissed its counterclaims for breach of covenant of good faith and fair dealing and for unjust enrichment at trial. See Trial Tr. (Sept. 16, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Pacheco on plaintiffs' claims of fraud against them. Id. The Court denied defendants' motion for judgment as a matter of law as to plaintiffs' claim of fraud against defendant Tafoya. Id. On November 6, 2025, the Court entered final judgment in accordance with the jury's verdict and the Court's order on judgment as a matter of law. Dkt. 261.

On November 17, 2025, plaintiffs filed a motion for attorneys' fees. Dkt. 263 ("Mot."). On December 1, 2025, defendants filed an opposition to plaintiffs' motion for attorneys' fees. Dkts. 270 ("Opp.").[3] On December 8, 2025, plaintiffs filed a reply. Dkt. 275 ("Reply").

On December 22, 2025, the Court held a hearing on plaintiffs' instant motion for attorneys' fees and three other pending motions. The Court issued an order on the four motions, reserving judgment on plaintiffs' motion for attorneys' fees. Dkt. 286 ("Order"). The Court ordered plaintiffs and plaintiffs' counsel to provide additional information regarding the structure of their fee agreement, id. at 29 n.14, and the allocation of plaintiffs' counsel's time spent on various claims, id. at 31. On December 31, 2025, plaintiffs filed a response answering the Court's request for additional information. Dkt. 287 ("Response").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." Id. at 1281 (quoting Abrams v. Lightolier, Inc., 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such award." Abrams, 50 F.3d at 1224. "[T]he fee applicant bears the burden of establishing

---

[3] On December 5, 2025, defendants filed a second opposition to plaintiffs' motion for attorneys' fees. Dkt. 271. This filing was late and appears to be substantially similar to defendants' timely-filed opposition. L.R. 7-9. Accordingly, the Court does not consider the late-filed opposition. L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

When a district court "exercis[es] its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Commc'ns, 197 F.3d at 1281 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 n.31 (1975)). California has codified the American Rule in Code of Civil Procedure Section 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Code Civ. Proc. § 1021; see Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1143-44 (1998) (explaining that Section 1021 codifies the rule that "each party to a lawsuit must ordinarily pay his or her own attorney's fees"). The freedom to contract out of the American Rule is limited by California Civil Code Section 1717, which provides in part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). "[S]ection 1717 was originally enacted to limit the ability of a dominant contracting party to provide for a right to attorney's fees on only one side of an agreement." Sears, 60 Cal. App. 4th at 1144. Accordingly, "[i]f the contract provides for fees at all, then the prevailing party may recover them, even if the contract purports to specify only one of the parties as eligible." 7 Witkin, California Procedure, Judgment § 165 (5th ed. 2008). "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." Windsor Pac. LLC v. Samwood Co., Inc., 213 Cal. App. 4th 263, 273 (2013).

Parties may also contractually agree to award attorneys' fees for tort actions, along with claims arising under contract. "There is nothing in [Section 1021] that limits its application to contract actions alone. It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." Xuereb v. Marcus & Millichap, Inc., 3 Cal. App. 4th 1338, 1341 (1992). Whether an attorneys' fee provision applies to tort actions, in addition to contract claims, depends on the breadth of the attorneys' fees provision. See Johnson v. Siegel, 84 Cal. App. 4th 1087, 1101 (2000); Lerner v. Ward, 13 Cal. App. 4th 155, 160 (1993) ("[T]he clause in the contract concerning attorney fees was . . . not limited merely to an action on the contract, but to any action or proceeding arising out of the agreement. This included any action for fraud arising out of that agreement.").

### III.  DISCUSSION

The Court determined that "plaintiffs have a statutory basis for the recovery of reasonable attorneys' fees and costs incurred to defeat the City's counterclaim pursuant to California Civil Code section 1717." Order at 26. The Court also determined that the contractual provision in the Development Agreement between plaintiffs and the City provides for the recovery of reasonable attorneys' fees and costs for the prevailing party in litigation which in any way arises out of the Development Agreement. Id. at 27. But the Court determined, in accordance with California Code of Civil Procedure section 1032, that "there is no clear prevailing party on the action between the City and plaintiffs." Id. at 28. "In fact, no claim brought by either party against the other resulted in a monetary recovery. Each claim was dismissed on a motion to dismiss, resolved at trial, or resolved by judgment as a matter of law in favor of the defendant (the City) or counter-defendants (plaintiffs)." Id. Accordingly, no party is entitled to recover attorneys' fees based on the contractual provision for litigation arising out of the Development Agreement. However, attorneys' fees incurred by plaintiffs to defeat the City's contract claims are recoverable pursuant to California Civil Code section 1717.

In calculating the amount of fees that may be recovered, the lodestar method is used. Sternwest Corp. v. Ash, 183 Cal. App. 3d 74 (Ct. App. 1986). Under the lodestar method, courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007).

### A.  Reasonable Hourly Rate

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" Hiken v. Dep't of Def., 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may rely on their own knowledge and experience regarding customary rates and reasonable fees. See Ingram v. Oroudjian, 647 F. 3d 925, 928 (9th Cir. 2011). Here, the Court finds that a rate of $650 is reasonable based upon the same reasoning in Magistrate Judge Castillo's order. See dkt. 250 at 2-3. The fee requested is consistent with prevailing market rates in the Central District of California, the relevant legal community, for attorneys with a similar number of years of experience. See, e.g., Orlando Garcia v. Apple Seven Services SPE San Diego, Inc., 2022 WL 837419, at *4 (C.D. Cal. Mar. 21, 2022) (noting that the average hourly rate for litigators in Los Angeles with 21 years of experience is about $800 per hour).

### B. Number of Hours Reasonably Expended

Plaintiffs may only recover attorneys' fees for hours reasonably expended on work litigating the contract claims between the City and plaintiffs, which is covered by California Civil Code section 1717. See Santisas v. Goodin, 17 Cal. 4th 599, 615 (1998) ("If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims."). In other words, plaintiffs do not have a statutory basis for the recovery of attorneys' fees for all hours expended litigating the entire action, which also included numerous claims against individual defendants. Recovery of attorneys' fees without a statutory basis is unreasonable. Accordingly, the Court must determine how many hours of plaintiffs' counsel's work were reasonably spent litigating the contract claims, which are thus recoverable. The burden is on the party seeking fees to establish their reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Plaintiffs argue that the time spent litigating plaintiffs' non-contract claims against the City and plaintiffs' fraud claims against the individual defendants should be covered as work that is "inextricably intertwined" with the covered contract claims. Reply at 6. Plaintiffs contend that all of the non-contract claims and claims against individual defendants arise out of a common core of facts surrounding the purchase/transfer of an Amended Development Agreement and its enforceability. Id. The City argues that it should not bear the burden of paying attorneys' fees for the claims against individual defendants, which the City argues were not related to the contract claims. Opp. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

The Court finds that plaintiffs' litigation of the non-contract claims against the City and fraud claims against the individual defendants were "inextricably intertwined" with the contract action between the City and plaintiffs. Plaintiffs maintained a defense of fraud to the City's breach of contract counterclaim throughout the action. Dkt. 224 at 31. The City acknowledges that "[plaintiffs] succeeded in claiming [they were] fraudulently convinced to enter into the contract, against Tafoya (at trial) and Galvin (by default)." Opp. at 8. In that sense, all of the work that plaintiffs' counsel performed litigating the entire action was related to the contract claims. But still, that is not to say that all of the time that plaintiffs' counsel spent litigating the entire action—524.9 hours, Response at 1-2—was time *reasonably* expended to defeat the City's contract claims. The Court finds that some of the time spent litigating this action was excessive, in that it was inefficient or duplicative. See Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.").

The Court "may exclude any excessive, redundant, or otherwise unnecessary hours requested by counsel." Welch, 480 F.3d at 946; see also Donahue v. Donahue, 182 Cal. App. 4th 259, 271 (2010) ("A trial court may not rubber stamp a request for attorney fees, but must determine the number of hours *reasonably* expended.") (emphasis in original). Ultimately, district courts have broad discretion in determining the fee amount. See Hensley, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. Gonzales v. City of Maywood, 729 F. 3d 1196, 1203 (9th Cir. 2013). The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." Id. Here, plaintiffs' counsel has provided detailed timesheets of his hours expended on the case. Response at 11-100. It would be unreasonable to find that the entire amount of time spent by plaintiffs' counsel litigating plaintiffs' fraud claims against the individual defendants was reasonably expended to defeat plaintiffs' counterclaims. On the other hand, it would also be inaccurate to find that none of the time spent to prove the fraud claims is recoverable. Accordingly, the Court must decide what proportion of that time is recoverable as reasonable time spent towards defeating the contract claims.

In response to the Court's request for additional information, plaintiffs' counsel has identified that 96 time entries accounting for 73.1 attorney hours and $5,365.20 in costs are attributable only to work on plaintiffs' claims against the individual defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

Response at 10-31.[4] Plaintiffs' counsel identified 76 entries accounting for 46.5 hours and $0 in costs that are attributable only to work on claims or counterclaims between the City and plaintiffs. Id. at 10, 32-44. And finally, plaintiffs have identified 263 entries accounting for 305.3 hours and $402.00 in costs that cannot be attributed solely to either of the previous to categories. Response at 10, 45-100. Additionally, plaintiffs' counsel declares that he spent approximately 100 hours prior to filing the complaint conducting prelitigation investigation, research, document review, and interviews. Response at 3.

    First, the Court finds that one hundred percent of the 46.5 hours spent on claims between the City and plaintiffs was efficient and not duplicative. All of this work related to the enforceability of the Development Agreement.

    Second, the Court finds that it would be impossible to identify precisely what proportion of the 73.1 hours and $5,365.20 in costs attributable only to work on plaintiffs' claims against the individual defendants was unnecessary to the contract action. And it would be similarly impossible for the 305.3 hours and $402.00 in costs that reflect a mix of work on fraud and contract claims and the 100 hours of pre-filing work. "[D]etermining whether work is unnecessarily duplicative is no easy task." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

    California law supports a thirty percent reduction for "duplicative billing and unnecessary work," and "it is enough for a court to indicate that an attorney overlitigated a case." Cash v. Cnty. of Los Angeles, 111 Cal. App. 5th 741, 749 (2025). Here, the Court finds that such an across-the-board cut is warranted for the remainder of the work that was not clearly attributable to litigating the contract claims. Plaintiffs' claims against the individual defendants were essential to proving that plaintiffs' Development Agreement was the product of a fraudulent scheme, but plaintiffs did not need to prove that multiple individual defendants participated in this scheme. Moreover, several of plaintiffs' theories of fraud against individual defendants were meritless.

    In conclusion, the Court finds that one hundred percent of 46.5 hours and seventy percent of 478.4 hours and $5,762.20 in costs are recoverable from the City pursuant to

---

[4] The Court has reviewed plaintiffs' counsel's submitted contemporaneous time sheets and finds each detailed entry to be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

California Civil Code section 1717. This calculates to 381.38 hours at a $650 per hour rate and $4,037.04 in costs that are recoverable from the City.

### C. Lodestar Multiplier

"[I]n rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." Welch, 480 F.3d at 946 (citing Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000)). The Court may adjust the lodestar based on factors including: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001). "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." Ketchum, 24 Cal. 4th at 1132. "Of course, the trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors." Id. at 1138; see also Hogar Dulce Hogar v. Cmty. Dev. Com. of City of Escondido, 157 Cal. App. 4th 1358, 1371 (2007) ("The award of a multiplier is in the end a discretionary matter largely left to the trial court."). Here, plaintiffs' counsel asks for a 2.0 multiplier on the lodestar based in large part on the contingent nature of his compensation. Mot. at 9-10. Plaintiffs' fee agreement provides that plaintiffs shall pay counsel thirty-five percent of plaintiffs' gross recovery. Response at 2, 5.

The Court finds that plaintiffs' counsel has not sufficiently established that a lodestar enhancement is appropriate in this case. Specifically, the Court finds that the legal issues in the case were not extraordinarily difficult or novel; that plaintiffs' counsel displayed ordinary skill; and there is no evidence that the litigation precluded plaintiffs' counsel from other employment. Moreover, it appears to the Court that many delays in bringing the case to trial or otherwise resolving the claims could have been avoided by plaintiffs' counsel. Finally, the Court finds that plaintiffs' counsels' risk of nonpayment does not justify a lodestar multiplier in this case. Assuming that plaintiffs' contingency fee agreement is enforceable and the $1,600,000 judgment against Tafoya stands,[5]

---

[5] Plaintiffs filed an appeal, see dkt. 272, of the Court's order on defendants' renewed motion for judgment as a matter of law, dkt. 260. The Court subsequently denied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:23-cv-00384-CAS-PVCx | Date | January 8, 2026 |
|---|---|---|---|
| Title | DJCBP Corporation et al. v. City of Baldwin Park et al. | | |

plaintiffs' counsel will receive a fee well in excess of his lodestar. Accordingly, the Court declines to enhance the lodestar by any multiplier.

## IV. CONCLUSION

In accordance with the foregoing: the Court **GRANTS** plaintiffs' motion for attorneys' fees and costs. The final judgment shall be amended to award to plaintiffs $247,897.00 in attorneys' fees and $4,037.04 in costs against the City.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

plaintiffs' motion for reconsideration of that order or alternatively a new trial, dkt. 286. The appeal is currently stayed pending resolution of the instant motion. See Dkt. 285. If plaintiffs prevail on appeal, a new trial may be ordered as to all of the individual defendants, and the judgment against Tafoya would be vacated. See Gasoline Prods. Co. v. Champlin Ref. Co., 283 U.S. 494, 500 (1931) (A district court must grant a complete new trial "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.").